1  Eric J. Gravel
   Attorney Bar No. 256672
2  LAW OFFICES OF GRAVEL & ASSOCIATES
   2285 S. El Camino Real
3  San Mateo, CA 94404

4  Attorney for Debtors
   Pedro Alexander Hernandez-Panameno and
5  Olivia Hernandez-Panameno

6

7              **UNITED STATES BANKRUPTCY COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
8

9  In re:                              )   Bk. No. 12-30794
                                       )
10                                     )   CHAPTER 13
   PEDRO ALEXANDER HERNANDEZ-          )
11 PANAMENO                            )
                                       )   Judge:   Hon. Thomas E. Carlson
12                                     )   Date:    May 21, 2012
   OLIVIA HERNANDEZ-PANAMENO           )   Time:    9:30 a.m.
13                                     )   Place:   235 Pine Street
                                       )            Courtroom 23
14          Debtors.                   )            San Francisco, CA 94104
                                       )
15                                     )
                                       )   Trustee: David Burchard
16                                     )
17                                     )   **MOTION TO IMPOSE SANCTIONS ON**
                                       )   **RICHMOND AUTO SALES FOR**
18                                     )   **VIOLATION OF THE AUTOMATIC**
                                       )   **STAY (VEHICLE REPOSSESSION)**
19                                     )
20 _____ )

21

22      TO: RICHMOND AUTO SALES (herein after "CREDITOR"), AND ITS AGENTS.

23      Debtors Pedro Alexander Hernandez-Panameno and Olivia Hernandez-Panameno

24 move this Court, pursuant to 11 USC §362 (k)(1) and 11 USC §105(a), to impose sanctions

25 on Richmond Auto Sales for violation of the automatic stay.

26      Debtors, by and through their attorney of record, Eric J. Gravel, respectfully move the

27 Court for an Order for Creditor: to pay Debtors Actual Damages, Legal Costs and Attorney's

28 Fees, Emotional Distress Damages, Punitive Damages, void the repossession post petition and

1  to return the 2006 Toyota Scion XB and its contents to the Debtors; and for such other and
2  further relief as the court deems proper.

3  In support of such motion, Debtors allege as follows:

4  1.  On February 8, 2012, Debtors purchased a 2006 Toyota Scion XB automobile
5  (hereinafter "Vehicle") from Richmond Auto Sales, located at 436 23rd Street, Richmond,
6  California 94804.  Debtors made a down payment of $3,000.00 in cash (Exhibit A) and an
7  additional $390.00 in advance of the March 2012 installment.  Under the monthly payment
8  agreement, payment was due every fifteen of the month.  The interest rate to finance the loan
9  was 26.70%.

10  2.  On March 13, 2012, Debtors filed the Chapter 13 petition herein in the
11  Northern District of California, listing Richmond Auto Sales in their Schedule D of secured
12  creditors (Exhibit B) and the Toyota Scion XB automobile in their Schedule B of personal
13  property (Exhibit C).  David Burchard was duly appointed as trustee in the case.

14  3.  On March 13, 2012, Joint Debtor Olivia Hernandez-Panameno placed a phone
15  call to Mayet Farooq Qassim, owner of record of Richmond Auto Sales (Exhibit D), to
16  discuss the bankruptcy and the fact that Richmond Auto Sales would be paid through the
17  repayment plan moving forward, but was unable to speak to him.  Joint Debtor left him a
18  voice-mail.

19  4.  On March 14, 2012, Joint Debtor Olivia Hernandez-Panameno called Qassim
20  again, notified him of the bankruptcy filing and gave him the case number 12-30794 and the
21  date of filing.  Qassim hung up the telephone, apparently unhappy about the filing of the
22  petition.

23  5  On March 15, 2012, an individual wearing a blue uniform with the name
24  "Solis" on the front pocket and REPOSSESSION AGENT on the back showed up at Joint
25  Debtor's place of work.  As shown in Debtors' Schedule I (Exhibit E), Joint Debtor is an
26  employee of the undersigned Debtors' attorney in this case.  Solis attempted to tow and
27  repossess the Toyota Scion XB which was parked in front of Debtors' attorney's office.
28  Attorney went down to the street and told Solis that towing the vehicle away would constitute

a breach of bankruptcy law, specifically a violation of the automatic stay. Solis stated that he was only doing his job. Attorney requested that Solis call the owner of Richmond Auto Sales who had instructed Solis to repossess the vehicle. Solis reached the owner, who Solis identified as Farooq, ostensibly short for Mayet Farooq Qassim. Attorney asked to speak to Qassim directly but Qassim told Solis that he did not want to speak to attorney. A three-way conversation ensued, with Solis relaying messages between attorney and Qassim. Attorney told Qassim through Solis that he did not have the right to repossess the automobile since a Chapter 13 bankruptcy petition had been filed. After some back-and-forth, Qassim told Solis to take the automobile away anyway. A certain commotion took place on the street, Solis telling Qassim that maybe he should not take the automobile away but Qassim insisting on the repossession. Joint Debtor Olivia Hernandez Panameno then spoke to Qassim, who asked that the bankruptcy petition be faxed to him. The notice of bankruptcy filing was faxed by attorney's office on March 15, 2012, at 2:26 p.m. at (510) 965-9559, the number given to Joint Debtor by Qassim (Exhibit F).

   6.     On March 26, 2012, Joint Debtor received a notification via Facebook.com from Jose Montanez, sales representative at Richmond Auto Sales, requesting Joint Debtor to contact Richmond Auto Sales' owner, Qassim. Montanez wrote that Qassim said that he had not received the facsimile of March 15, 2012 (Exhibit G of Facebook conversations).

   7.     On March 30, 2012, attorney's office faxed the notice of bankruptcy filing to Qassim at 1:01 pm at 510-965-9577, another number provided by Qassim. (Exhibit F)

   8.     On April 7, 2012, Richmond Auto Sales repossessed Debtors' 2006 Toyota Scion XB parked outside Debtors' residence at 905 Rollins Rd. Apt #1, Burlingame, CA 94010. Debtors called the local authorities to report their vehicle stolen. After the local authorities left, Debtors received a telephone call from an individual who identified himself as Frank. Frank stated that he was the attorney for Richmond Auto Sales, that Richmond Auto Sales had indeed repossessed the Toyota Scion in the morning and that "we'll see you in court".

9.     Under the agreement set forth in the contract, the monthly payment of $390 was due on April 15, 2012.  The copy of the contract agreement was in the glove compartment of the repossessed automobile and therefore unavailable as an exhibit.  Several personal items are also in the vehicle, or at least were at the time of the repossession, including but not limited to (1) one small black round Radio/CD Player; (2) one Rectangle CD Radio/CD Player; (3) one camera tripod; (4) ten Christian movies; (5) one pair of black high heel shoes; (6) one cashmere turquoise blouse; (7) one cell phone charger (8) USB cables; (9) approximately $20 in cash in the glove compartment.  In addition, Debtors had installed new tires at the cost of $1,000 since the purchase of the vehicle (Exhibit H).

10.     Creditor did not obtain Relief from the Automatic Stay to repossess the vehicle.

11.     Debtors listed the 2006 Toyota Scion XB in the schedule B of their petition and Richmond Auto Sales in their Schedule D, with an address of 436 23rd Street, Richmond, CA .  The address conforms to the records of the California Department of Motor Vehicles Occupational License Status (Exhibit F).  The notice of bankruptcy filing mailed by the court on behalf of Debtors' attorney was not returned as undeliverable to the attorney's office, therefore it was delivered at the address of record.

12.     On April 10, 2012, at 2:23 p.m., Debtors' attorney reached Qassim by telephone at Richmond Auto Sales and told him that the April 7, 2012, repossession was in violation of the bankruptcy automatic stay and that the vehicle had to be returned to Debtors immediately.  Qassim refused to return the vehicle.

13.     On April 11, 2012, Debtors' attorney followed up his conversation with Qassim by sending a letter to Richmond Auto Sales addressed to Qassim (Exhibit I).  The letter was sent by fax to the two numbers provided (510) 965-9559 and 510-965-9557 and by Fedex Airway Bill 798270299803. (Exhibit J)

14.     On April 12, Qassim sent a certified mail letter both to debtors' attorney (Exhibit K) and to Joint Debtor (Exhibit L) in response to the April 11 letter, explaining why

he would not return the car. Creditor enclosed a check in the amount of $2400 with the letter (Exhibit M). The check has not been deposited by Debtors and is being held as evidence.

15.     Joint Debtor has asked for the return of the personal items in the vehicle on several occasions. On April 9 2012, Debtors called Richmond Auto Sales but there was no answer. Debtors left a voicemail requesting the return of their personal items. On that same day, April 9, Joint Debtor texted a message to Jose Montanez, employee of Richmond Auto Sales, requesting that they be contacted regarding the return of Debtors' personal items (Exhibit G). To date, no one has answered their calls. On April 11, 2012, Debtors called Richmond Auto Sales and spoke with a Sales Representative, name unknown. They requested that Qassim contact them regarding the return of their personal items. No one has yet returned their call.

16.     To date, Creditor still has possession of the vehicle and will not release it back to the Debtors even though Creditor had multiple actual, constructive and inquiry notice of Debtors' bankruptcy filing.

17.     To date, no Motion for Relief or objection to the pending plan has been filed in this case by Creditor.

18.     Debtor's intention is to retain the vehicle in the Chapter 13 Plan.

19.     Debtor's Chapter 13 Plan proposes to pay Richmond Auto Sales through the Chapter 13 Plan payments.

20.     The creditor who has violated the stay ignores the consequences of the continuing violation of the stay when they fail to promptly take corrective action. It is the corrective action, or lack thereof, which often speaks volumes as to whether the creditor is acting in good faith or bad faith.

The automatic stay provisions of 11 U.S.C. § 362(a) are self effectuating and conduct taken in violation of the stay is void. *Sternberg v. Johnston*, 595 F.3d 937, 943 (9th Cir.2009), as amended October 22, 2009 and February 8, 2010, cert. denied. This creates an affirmative duty on the creditor to comply with the stay, including to reverse the conduct which violated the stay, even if the violation of the stay was innocent. *State of California Employment*

*Development Department vs. Taxel* (*In re Del Mission, Ltd*), 93 F.3d 1147 (9th Cir. 1996); and *Knupfer v. Lindblade (In re Dyer),* 322 F. 3d 1178, 1192 (9th Cir.2003). The Ninth Circuit Court of Appeals discussed in detail this affirmative duty in *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002). Failure to act on the violation of the automatic stay evidences that the violation is willful, subjecting the creditor to damages under 11 U.S.C. § 362(k). Id., p.1215.

21. The Debtors has incurred costs as a direct consequence of the actions of the Creditor such as alternative transportation and fees, attorney's fees and costs, and the conversion of Debtor's personal items that were located within the vehicle at the time of the repossession.

22. The Debtors has also suffered emotional damages resulting from this series of events. Joint Debtor was humiliated and embarrassed at work and Debtors at their residence from the repossession. This incident has led to an high level of stress and anxiety.

23. In the case of *In re Pace*, *159 B.R. 890, 901 (9th Cir. BAP 1993*), the Court held that "attorneys" fees incurred as a result of a violation of the automatic stay are actual damages." Debtors and their counsel repeatedly tried to contact Creditor and have them return the improperly repossessed property back to the Debtors and the bankruptcy estate. The Creditor simply ignored and continues to ignore Debtors and their counsel. Debtors were left with no other option than to file this motion. As such, Debtors attorney's fees and legal costs associated with this motion should be paid for by Creditor.

In the 9th Circuit case of *In re Dyer, 322 F. 3d 1178 (9th Cir. 2003),* the Court held that specific intent to violate the automatic stay is necessary to impose sanctions under the bankruptcy court's inherent power. Moreover, the Court held that the Creditor has an affirmative duty to remedy his violation of the automatic stay, at least by filing a motion for relief from stay, and their failure to do so constitutes a violation of the automatic stay injunctions, permitting civil contempt sanctions. Based on the facts stated above, Creditor had knowledge of the automatic stay and willfully violated the stay by failing to return the vehicle and its contents to Debtors. As a public business, Richmond Auto Sales owes a high

duty of care to its present and future clients.  Creditor's actions have severely affected Debtors' ability to reorganize the bankruptcy estate and therefore, punitive damages should be granted to Debtors.

Wherefore, Debtors pray for an order pursuant to 11 USC §352 (k)(l), for Richmond Auto Sales to:

1.    Pay Actual Damages to Debtors in the amount of $1,750.00 per month starting April 7, 2012, until the vehicle is returned;

2.    Pay Legal Costs and Attorneys' Fees to Debtor's Counsel in an amount to be determined at the hearing on this matter;

3.    Pay Emotional Distress Damages to Debtors in the amount of $10,000.00;

4.    Pay Punitive Damages to Debtors in the amount of $10,000.00;

5.    Return the 2006 Toyota Scion XB that was repossessed on April 7, 2012, along with its contents;

6.    For such other and further relief as the court deems proper.


DATED: April 16, 2012                          /s/ Eric J. Gravel
                                               ERIC J. GRAVEL
                                               Attorney for Debtors

EXHIBIT A

# RECEIPT

DATE 02 · 08 · 2012   **No.**   174250

RECEIVED FROM OLIVIA HERNANDEZ                    $3000

THREE THOUSAND DOLLARS Onchy                    DOLLARS

○ FOR RENT   Down PAYMENT.
○ FOR

Richmond Auto Sales
436 23rd Street
Richmond, CA 94804
Phone 510-965-9577

| ACCOUNT | 3000 | 00 |
| PAYMENT | 3000 | 00 |
| BAL. DUE | 0 | 00 |

⊘ CASH
○ CHECK
○ MONEY ORDER
○ CREDIT CARD

FROM _____   TO _____

BY  Ray

3-11

EXHIBIT B

In re **Pedro Alexander Hernandez-Panameno,**
**Olivia Hernandez-Panameno**

Case No. __12-30794__

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Richmond Auto Sales** **436 23rd Street** **Richmond, CA 94804** | | C | **Auto Loan** **2006; Toyota Scion; mileage 94000** Value $ **4,678.00** | | | | **12,000.00** | **7,322.00** |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

__0__ continuation sheets attached

| | Subtotal (Total of this page) | **12,000.00** | **7,322.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **12,000.00** | **7,322.00** |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

EXHIBIT C

B6B (Official Form 6B) (12/07)

In re  **Pedro Alexander Hernandez-Panameno,**
      **Olivia Hernandez-Panameno,**

                                 Debtors

Case No.   **12-30794**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Bed (150.00); kids bed (50.00); cookware (50.00); utensils(50.00); tv (25.00) VCR/DVD (75.00); laptop Computer (200.00); other housesehold goods (100.00)** | C | 700.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Clothing, shoes** | C | 150.00 |
| 7. | Furs and jewelry. | | **Jewelry** | C | 50.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      900.00
(Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com
Best Case Bankruptcy

In re    **Pedro Alexander Hernandez-Panameno,**              Case No.    **12-30794**

           **Olivia Hernandez-Panameno**

_____,

Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        **0.00**

(Total of this page)

Sheet   **1**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

In re   **Pedro Alexander Hernandez-Panameno,**                              Case No.   __12-30794__
         **Olivia Hernandez-Panameno**

_____,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1993 Honda Accord; Mileage 160,000 | C | 1,993.00 |
| | | 1998 Chevy Silverado XL 4D; 225,000 | C | 2,515.00 |
| | | 2006; Toyota Scion; mileage 94000 | C | 4,678.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 9,186.00 |
| (Total of this page) | |
| Total > | 10,086.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Best Case Bankruptcy

EXHIBIT D

 

View shopping cart                    Contact Us | Español

Search
◯This Site ◯California

You have 0 items in your shopping cart

# Occupational License Status Information System

Following is the result of your search

**Main Location Information**
RICHMOND AUTO SALES
436 23RD STREET
RICHMOND CA 94804
Tel: (510)965-9577

Location Opened :    07/14/2011

Location Closed:

Licensed to Provide,   Used Auto/Commercial Vehicle Dealer.
Offer or Sell:

**License Information**
License No.:          49068
License First Issued: 07/14/2011
Operator or Contact:
Owner of Business:    MAYET FAROOQ QASSIM
Mailing Address:
Other Business
Name:

### License Information

Status of License
Valid

Current Admin Actions
None

Prior Admin Actions
None

**Administrative Action Definitions**

*Help us improve our online services. Please take a moment to complete a brief* Survey.

[ Start a New Search ]  [ Modify Your Search ]

## Identity Management Portal

**LOGIN/REGISTER**
Login Here
Register Here

DMV Homepage

**Additional Info:**
• Info Request Forms
• Complaint Forms
• License Requirements



Security Awareness (PDF)

Home | Help | Disability Services | Site Map | Technical Support

Back to Top | Conditions of Use | Privacy Policy | Accessibility | CA.Gov

Copyright © 2011 State of California

**Adobe Acrobat Reader** enables you to view and print PDF files.
To incorporate the latest accessibility features download of the latest version of Acrobat Reader may be required.

Case: 12-30794    Doc# 12    Filed: 04/17/12    Entered: 04/17/12 15:36:37    Page 17 of 22

http://www.dmv.ca.gov/wasapp/olinq2/display.do?submitName=Display&ol=49068~A~4...    4/15/2012

EXHIBIT E

In re **Pedro Alexander Hernandez-Panameno**
**Olivia Hernandez-Panameno**          Case No.  **12-30794**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** | AGE(S): **5** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **Case Manager** |
| Name of Employer | **Unemployed** | **Law Office of Eric J Gravel** |
| How long employed | | **11 months** |
| Address of Employer | | **2285 South El Camino Real 2nd Floor San Mateo, CA 94403** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 2,639.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 2,639.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 337.10 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 337.10 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 2,301.90 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 0.00 | $ 2,301.90 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,301.90 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

EXHIBIT F



**Ring**
YOUR PHONE SYSTEM, EVERYWHERE

The Law Offices of Eric Gravel
Main: (650) 931-6000 - Ext 0
Fax: (888) 418-3655

RING OFF | GET HELP | LOGOUT

| Overview | Messages | Call Log | Contacts | Company Settings | My Settings | Download | FaxOut | RingOut |

## Send Fax Result

```
Type,Phone Number,Name,Location,Date,Time,Action,Action Result,Result Description,Length
Fax,"(510) 266-5589","","Hayward, CA","Fri 04/06/2012","1:40 PM","Outgoing Fax","Sent","",0:03:32
Fax,"(972) 661-7800","","Dallas, TX","Thu 04/05/2012","10:06 AM","Outgoing Fax","Sent","",0:01:06
Fax,"(972) 661-7800","","Dallas, TX","Thu 04/05/2012","10:02 AM","Outgoing Fax","Call Failed"
Fax,"(972) 661-7800","","Dallas, TX","Thu 04/05/2012","9:58 AM","Outgoing Fax","Call Failed"
Fax,"(402) 393-4141","","Omaha, NE","Tue 04/03/2012","9:44 AM","Outgoing Fax","Sent","",0:12:51
Fax,"(818) 775-2700","","Northridge, CA","Mon 04/02/2012","1:38 PM","Outgoing Fax","Sent","",0:01:08
Fax,"(210) 509-1147","","San Antonio, TX","Mon 04/02/2012","1:38 PM","Outgoing Fax","Sent","",0:01:03
Fax,"(619) 568-3596","","Coronado, CA","Mon 04/02/2012","12:46 PM","Outgoing Fax","No Answer",
Fax,"(619) 568-3596","","Coronado, CA","Mon 04/02/2012","12:42 PM","Outgoing Fax","No Answer",
Fax,"(619) 568-3596","","Coronado, CA","Mon 04/02/2012","12:38 PM","Outgoing Fax","Fax Send Error"
Fax,"(206) 292-4930","","Seattle, WA","Mon 04/02/2012","11:14 AM","Outgoing Fax","Sent","",0:01:12
Fax,"(972) 661-7800","","Dallas, TX","Mon 04/02/2012","11:04 AM","Outgoing Fax","Sent","",0:00:58
Fax,"(866) 703-3095","","","Mon 04/02/2012","10:20 AM","Outgoing Fax","Sent","",0:10:06
Fax,"(714) 822-3343","","Buena Park, CA","Mon 04/02/2012","9:46 AM","Outgoing Fax","Sent","",0:01:08
Fax,"(866) 703-3095","","","Mon 04/02/2012","9:18 AM","Outgoing Fax","Sent","",0:08:15
Fax,"(510) 965-9577","","Richmond, CA","Fri 03/30/2012","11:35 AM","Outgoing Fax","Sent, machine.",0:00:55
Fax,"(510) 965-9577","","Richmond, CA","Fri 03/30/2012","11:29 AM","Outgoing Fax","Sent, machine.",0:01:01
Fax,"(510) 965-9577","","Richmond, CA","Fri 03/30/2012","11:23 AM","Outgoing Fax","Sent, machine.",0:01:10
Fax,"(866) 307-1003","","","Thu 03/29/2012","2:51 PM","Outgoing Fax","Sent","",0:05:23
Fax,"(972) 661-7800","","Dallas, TX","Tue 03/27/2012","10:07 AM","Outgoing Fax","Sent","",0:00:58
Fax,"(425) 212-3280","","Everett, WA","Thu 03/22/2012","4:48 PM","Outgoing Fax","Sent","",0:01:28
Fax,"(650) 756-8988","","San Francisco, CA","Wed 03/21/2012","4:53 PM","Outgoing Fax","Sent","",0:03:24
Fax,"(650) 756-8988","","San Francisco, CA","Wed 03/21/2012","4:43 PM","Outgoing Fax","Sent","",0:02:04
Fax,"(702) 586-4505","","Las Vegas, NV","Wed 03/21/2012","11:08 AM","Outgoing Fax","Sent","",0:01:11
Fax,"(866) 307-1003","","","Tue 03/20/2012","6:34 PM","Outgoing Fax","Sent","",0:01:41
Fax,"(510) 965-9559","","Richmond, CA","Thu 03/15/2012","10:06 AM","Outgoing Fax","Sent","",0:02:26
Fax,"(925) 254-4399","","Orinda, CA","Wed 03/14/2012","9:37 AM","Outgoing Fax","Sent","",0:02:24
Fax,"(888) 497-2202","","","Thu 03/08/2012","2:23 PM","Outgoing Fax","Sent","",0:01:14
```

*[Handwritten note:]* THIS DAY FARU HIMSELF CALLED & SAID HE DID NOT RECEIVE THE FAX GAVE ME ANOTHER # TO FAX TO.

*[Handwritten note:]* THIS WAS THE DAY → THEY TRIED TO REPO MY CAR

EXHIBIT G