Eric J. Gravel
Attorney Bar No. 256672
LAW OFFICES OF GRAVEL & ASSOCIATES
2285 S. El Camino Real
San Mateo, CA 94404

Attorney for Debtors
Pedro Alexander Hernandez-Panameno and
Olivia Hernandez-Panameno

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PEDRO ALEXANDER HERNANDEZ-PANAMENO<br><br>OLIVIA HERNANDEZ-PANAMENO<br><br>Debtors. | Bk. No. 12-30794<br><br>CHAPTER 13<br><br>Judge:  Hon. Thomas E. Carlson<br>Date:    May 21, 2012<br>Time:   9:30 a.m.<br>Place:   235 Pine Street<br>            Courtroom 23<br>            San Francisco, CA 94104<br><br>Trustee: David Burchard<br><br>**DECLARATION OF DEBTORS IN SUPPORT OF MOTION TO IMPOSE SANCTIONS ON RICHMOND AUTO SALES FOR VIOLATION OF THE AUTOMATIC STAY (VEHICLE REPOSSESSION)** |

Pedro Alexander Hernandez-Panameno and Olivia Hernandez-Panameno declare as follows:

1. We are the Debtors in the above captioned matter. We have personal knowledge of the following facts which we believe to be true and accurate. If called as witnesses, we could and would so testify.

2.	On February 8, 2012, we purchased a 2006 Toyota Scion XB automobile (hereinafter "Vehicle") from Richmond Auto Sales, located at 436 23rd Street, Richmond, California 94804. We made a down payment of $3,000.00 in cash and an additional $390.00 in advance of the March 2012 installment. Under the monthly payment agreement, payment was due every fifteen of the month. The interest rate to finance the loan was 26.70%.

3.	On March 13, 2012, we filed the Chapter 13 petition herein in the Northern District of California, listing Richmond Auto Sales in our Schedule D of secured creditors and the Toyota Scion XB automobile in our Schedule B of personal property. David Burchard was duly appointed as trustee in the case.

4.	On March 13, 2012, Joint Debtor Olivia Hernandez-Panameno placed a phone call to Mayet Farooq Qassim, owner of record of Richmond Auto Sales, to discuss the bankruptcy and the fact that Richmond Auto Sales would be paid through the repayment plan moving forward, but was unable to speak to him. Joint Debtor left a voice-mail.

5.	On March 14, 2012, Joint Debtor Olivia Hernandez-Panameno called Qassim again, notified him of the bankruptcy filing and gave him the case number 12-30794 and the date of filing. Qassim hung up the telephone, apparently unhappy about the filing of the petition.

6	On March 15, 2012, an individual wearing a blue uniform with the name "Solis" on the front pocket and REPOSSESSION AGENT on the back showed up at Joint Debtor's place of work. As shown in our Schedule I, Joint Debtor is an employee of our attorney in this case. Solis attempted to tow and repossess the Toyota Scion XB which was parked in front of our attorney's office. Attorney went down to the street and told Solis that towing the vehicle away would constitute a breach of bankruptcy law, specifically a violation of the automatic stay. Solis stated that he was only doing his job. Attorney requested that Solis call the owner of Richmond Auto Sales who had instructed Solis to repossess the vehicle. Solis reached the owner, who Solis identified as Farooq, ostensibly short for Mayet Farooq Qassim. Attorney asked to speak to Qassim directly but Qassim told Solis that he did not want to speak to attorney. A three-way conversation ensued, with Solis relaying messages

between attorney and Qassim. Attorney told Qassim through Solis that he did not have the right to repossess the automobile since a Chapter 13 bankruptcy petition had been filed. After some back-and-forth, Qassim told Solis to take the automobile away anyway. A certain commotion took place on the street, Solis telling Qassim that maybe he should not take the automobile away but Qassim insisting on the repossession. Joint Debtor Olivia Hernandez Panameno then spoke to Qassim, who asked that the bankruptcy petition be faxed to him. The notice of bankruptcy filing was faxed on March 15, 2012, at 2:26 p.m. at (510) 965-9559, the number given to Joint Debtor by Qassim.

7. On March 26, 2012, Joint Debtor Olivia Hernandez-Panameno received a notification via Facebook.com from Jose Montanez, sales representative at Richmond Auto Sales, requesting Joint Debtor to contact Richmond Auto Sales' owner, Qassim. Montanez wrote that Qassim said that he had not received the facsimile of March 15, 2012.

8. On March 30, 2012, Joint Debtor Olivia Hernandez-Panameno faxed the notice of bankruptcy filing to Qassim at 1:01 pm at 510-965-9577, another number provided by Qassim.

9. On April 7, 2012, Richmond Auto Sales repossessed our 2006 Toyota Scion XB parked outside our residence at 905 Rollins Rd. Apt #1, Burlingame, CA 94010. We called the local authorities to report our vehicle stolen. After the local authorities left, we received a telephone call from an individual who identified himself as Frank. Frank stated that he was the attorney for Richmond Auto Sales, that Richmond Auto Sales had indeed repossessed the Toyota Scion in the morning and that "we'll see you in court".

10. Under the agreement set forth in the contract, the monthly payment of $390 was due on April 15, 2012. The copy of the contract agreement is in the glove compartment of the repossessed automobile and therefore unavailable as an exhibit. Several personal items are also in the vehicle, or at least were at the time of the repossession, including but not limited to (1) one small black round Radio/CD Player; (2) one Rectangle CD Radio/CD Player; (3) one camera tripod; (4) ten Christian movies; (5) one pair of black high heel shoes; (6) one cashmere turquoise blouse; (7) one cell phone charger (8) USB cables; (9)

1 approximately $20 in cash in the glove compartment. In addition, we had installed new tires
2 at the cost of $1,000 since the purchase of the vehicle.
3     11. Creditor did not obtain Relief from the Automatic Stay to repossess the
4 vehicle.
5     12. We listed the 2006 Toyota Scion XB in the schedule B of our petition and
6 Richmond Auto Sales in our Schedule D, with an address of 436 23rd Street, Richmond, CA
7 The address conforms to the records of the California Department of Motor Vehicles
8 Occupational License Status. The notice of bankruptcy filing mailed by the court on behalf of
9 Debtors' was not returned as undeliverable to the attorney's office, therefore it was delivered
10 at the address of record.
11     13. On April 10, 2012, at 2:23 p.m., our attorney reached Qassim by telephone at
12 Richmond Auto Sales and told him that the April 7, 2012, repossession was in violation of the
13 bankruptcy automatic stay and that the vehicle had to be returned to Debtors immediately.
14 Qassim refused to return the vehicle.
15     14. On April 11, 2012, our attorney followed up his conversation with Qassim by
16 sending a letter to Richmond Auto Sales addressed to Qassim. The letter was sent by fax to
17 the two numbers provided by Richmond Auto Sales, (510) 965-9559 and 510-965-9557, and
18 by Fedex Airway Bill 798270299803.
19     15. On April 12, Qassim sent a certified mail letter both to our attorney and to
20 Joint Debtor in response to the April 11 letter, explaining why he would not return the car.
21 Creditor enclosed a check in the amount of $2400 with the letter. We have not deposited the
22 check.
23     16. We have asked for the return of the personal items in the vehicle on several
24 occasions. On April 9 2012, we called Richmond Auto Sales but there was no answer. We
25 left a voicemail requesting the return of our personal items. On that same day, April 9, Joint
26 Debtor texted a message to Jose Montanez, employee of Richmond Auto Sales, requesting
27 that Debtors be contacted regarding the return of Debtors' personal items. To date, no one
28 has answered our calls. On April 11, 2012, we called Richmond Auto Sales and spoke with a

sales representative. We requested that Qassim contact us regarding the return of our personal items. No one has yet returned our calls.

17. In Schedule B of our Petition, we listed the 2006 Toyota Scion XB. We also listed the Creditor in Schedule D of our Petition.

18. Our Chapter 13 Plan proposes to pay Richmond Auto Sales through the Chapter 13 Plan payments.

19. We are not abusing the bankruptcy and wish to restructure our debt through Chapter 13.

20. The repossession by Creditor on April 7, 2012, has caused us to incur extra expenses.

21. To date, Creditor still has possession of the vehicle and will not release it back to us even though Creditor has actual knowledge of the Debtor's bankruptcy filing.

22. To date, no Motion for Relief or objection to the pending plan has been filed in this case by Creditor.

23. Our intention is to retain the vehicle in the Chapter 13 Plan.

24. We have incurred out-of-pocket costs as a direct consequence of the actions of the Creditor and the conversion of our personal items that were located within the vehicle at the time of the repossession.

25. We have also suffered emotional damages resulting from this whole ordeal. We were humiliated and embarrassed at work and residence by the repossession and this incident has led to increased stress and anxiety.

We declare under penalty of perjury under the laws of the State of California that the foregoing statements in this declaration of Debtors in Support of the above captioned Motion are true and correct to the best of our knowledge.

Dated: April 17, 2012 **/s/ Pedro Alexander Hernandez-Panameno**
Pedro Alexander Hernandez-Panameno, Debtor

**/s/ Olivia Hernandez-Panameno**
Olivia Hernandez-Panameno, Joint Debtor