```
1  FAROOQ QASSIM MAYET
   RICHMOND AUTO SALES                              FILED
2  436 23rd Street
   Richmond, CA 94804                              MAY - 7 2012
3  Tel (510) 965-9577
   Fax (510) 965-9559                        UNITED STATES BANKRUPTCY COURT
4                                                 SAN FRANCISCO, CA
   IN PRO PER
5
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bk. No.: 12-30794 |
| PEDRO ALEXANDER HERNANDEZ-PANAMENO | CHAPTER 13 |
| OLIVIA HERNANDEZ-PANAMENO | OPPOSITION TO MOTION TO IMPOSE SANCTIONS ON RICHMOND AUTO SALES FOR VIOLATION OF THE AUTOMATIC STAY (VEHICLE REPOSSESSION) |
| Debtors. | |
| | Judge: Hon. Thomas E. Carlson<br>Date: May 21, 2012<br>Time: 9:30 a.m.<br>Place: 235 Pine Street<br>Courtroom 23<br>San Francisco, CA 94104 |

**STATEMENT OF FACTS**

Richmond Auto Sales respectfully submits the following opposition to Debtors' Motion to Impose Sanctions on Richmond Auto Sales for Violation of the Automatic Stay (hereinafter "Motion").

On February 8, 2012, Olivia Hernandez Panameno (hereinafter "Joint Debtor") and Richmond Auto Sales ("Seller") entered into a Motor Vehicle Contract and Security Agreement ("Contract") for the purchase of a 2006 Scion XB, Vehicle Identification No. JTLKT324764048621 ("Vehicle"). A true and correct copy of the Contract is attached to the declaration of Farooq Qassim Mayet as Exhibit 1.

Pursuant to the terms of the Contract, Joint Debtor was obligated to make 48 monthly payments of $386.67 on or before the 7th day of each month to a secured creditor. The Contract also provides Seller the right to cancel the Contract if the Seller is unable to find a financial institution willing to finance the car for the buyer. The Joint Debtor agreed to the terms and signed the Contract in both English and Spanish. (Exhibit 1 to Mayet Declaration)

Joint Debtor's credit application was denied by various financial institutions due to her credit history. Seller tried to contact Joint Debtor through phone calls for supplemental documents which may increase the chance of getting the Vehicle financed. She was not reachable on the phone number provided to the Seller as the phone was either turned off or as she did not answer. The inability to reach the customer for additional documents resulted in Seller's inability to obtaining a car loan from a financial institution and made the purchase transaction unviable.

About a month later, on March 13, 2012, Joint Debtor filed a bankruptcy petition under Chapter 13 and, pursuant to the terms of Joint Debtor's Chapter 13 Plan, Seller is to be paid inside the Plan by the Trustee.

Seller was unaware of the bankruptcy filing as it was not properly served with the bankruptcy notice. On March 15, 2012, when Farooq Mayet, the owner of Richmond Auto Sales, contacted Joint Debtor, he was told by Joint Debtor that she filed a bankruptcy and that the Seller was not included in that bankruptcy as a creditor. Mr. Mayet asked Joint Debtor to fax him a copy of the bankruptcy notice immediately. Joint Debtor alleges that she served Seller with the bankruptcy notice via fax on "March 15, 2012, at 2:26 p.m." and attached a fax log as Exhibit F to the Debtors' Motion. The Seller, however, never received this fax.

Joint Debtor did not make any installment payment which was due on March 7, 2012. Joint Debtor alleges on Debtors' Motion that at the time of the purchase of the Vehicle on February 8, 2012, she made "an additional $390.00 in advance of March 2012 installment." This is not true. Such installment payment was never made at that time or at any time subsequent to that date. There was no other payment than the $3,000 down payment made by Joint Debtor as evidenced on the receipt, which is attached as Exhibit A to Debtors' Motion.

- 2 -

As a result of inability to finance the Vehicle purchase and lack of any payment due, on March 30, 2012, Seller attempted to repossess the Vehicle. A third party towing agent was sent to Joint Debtor's work address and was told that Joint Debtor filed a bankruptcy. The towing agent immediately contacted Farooq Mayet, who was at Contra Costa Islamic Center doing volunteer kitchen work as he does on every Fridays. The towing agent refused to pursue the repossession and did not tow the Vehicle on that day.

Joint Debtor alleges that on that same day, March 30, 2012, she faxed the bankruptcy notice three times to a fax number (510) 965-9599, provided to her by Farooq Mayet. Farooq Mayet has no knowledge of speaking with her at any time after the one time phone conversation on March 15, 2012, at which time Joint Debtor misled the Seller by indicating that Richmond Auto Sales was not included in her bankruptcy filing as a creditor.

Seller never provided the number (510) 965-9599 as a fax number. This number is Richmond Auto Sales' main phone number. This phone number is pre-printed on business stationaries, printed on other documents and Seller's business card as the main phone line. (Exhibit 2 to Mayet declaration) A fax machine would never be hooked up to that line. Joint Debtor simply tried to fax by dialing a phone number that she plainly knew was the main phone number, which she already had in her possession.

The fax log provided by Joint Debtor (Exhibit F to Debtors' Motion), which indicates all of Joint Debtor fax transmission on March 15, 2012 and March 30, 2012, is less than clear as to whether any of the transmissions were successful. It simply indicates "sent." Joint Debtor has failed to provide a fax confirmation sheet for any of the alleged fax transmissions. Fax transmission confirmation sheets are typically printed after each transmission, kept as records, and readily available, especially at professional offices such as that of Joint Debtor's workplace, as they are essential evidence in instances of any dispute arising concerning delivery of written correspondence, such as the present case.

On April 7, 2012, without any proper notification of the bankruptcy being served on Seller, other than the Joint Debtor's verbal representation to Seller that Seller was not included in

- 3 -

her alleged Chapter 13 bankruptcy filing, Seller repossessed the Vehicle parked outside the Joint Debtor's residence.

On April 10, 2012, Seller received a phone call from Joint Debtor's attorney, Eric Gravel demanding immediate return of the Vehicle. This was the first time Seller spoke with the Joint Debtor's attorney

On April 11, 2012, Joint Debtor's attorney sent by fax and Fed Ex delivery a letter to Seller notifying the filing of the bankruptcy and demanding return of the Vehicle. This was the first time the bankruptcy notice was adequately served on the Seller.

Instead of returning the Vehicle as demanded by Mr. Gravel, Seller sent him a check for $2,400 as a refund of the down payment paid by the Joint Debtor minus the repossession cost of $600. (Exhibit M to Debtors' Motion)

Contrary to her allegation, Joint Debtor has never contacted the Seller in request for her personal items left in the Vehicle. Joint Debtor's allegation that she sent a message to Jose Montanez, employee of Seller, for personal property on April 9, is also false. (Exhibit G to Debtors' Motion) Nowhere on the message was the personal property mentioned.

Seller innocently believed that since Joint Debtor's credit was never approved by any third party lender for the purchase of the Vehicle, the Contract had been voided, and the term "creditor" in bankruptcy did not apply to the Seller and that the Seller was entitled to repossess the Vehicle as lawful owner.

On April 30, 2012, after seeking legal advice from a few attorneys, Seller returned the Vehicle to Joint Debtor at her place of employment delivered by an employee of the Seller. Upon returning of the Vehicle, Seller's employee inquired as to whether Mr. Gravel would be willing to discuss a settlement and dismiss the motion for sanction to mitigate any further costs. Mr. Gravel plainly refused and said "absolutely not". He also immediately provided an acknowledgment of receipt of the Vehicle. On May 3, 2012, Seller sent a written request to Mr. Gravel to settle this motion between the parties and outside the Court.

## AFFIRMATIVE DEFENSE

Seller had no adequate knowledge of Joint Debtor's Chapter 13 bankruptcy filing until April 11, 2012, three days after the repossession of the Vehicle. Seller was previously told by the Joint Debtor on the phone that she filed a bankruptcy and that the Seller was not included in the bankruptcy. Her words were plainly not believable. Seller requested Joint Debtor to send proper notice of the bankruptcy filing. Seller's position was that Joint Debtor could not be trusted as she may have had the Chapter 13 planned out prior to coming to Seller to purchase the Vehicle. Joint Debtor's verbal representation that the Seller was not included in the bankruptcy exacerbated the situation, and based on that statement, she was claiming her right to continue to possess the Vehicle when: 1) she had not made any installment payment for over a month after having possession of the Vehicle; 2) the Contract had been voided due to the inability of the Seller to find a lender to finance the Vehicle based on her credit history; and 3) she filed a Chapter 13 petition to be protected by the bankruptcy law, even though the Seller was not included in the petition, as she indicated to the Seller. Seller had no other choice but to conclude that Joint Debtor was taking advantage of her position as an employee of a lawyer and Seller's credulous position as a small used car dealer.

Seller has learned through legal consultations that it made the mistake of repossessing the Vehicle without a court order relieving the stay and will comply with law in the future.

Sanctions are not appropriate, as the Joint Debtor has failed to properly serve a bankruptcy notice on the Seller and the Vehicle having been returned to the Joint Debtor. There is nothing to indicate that Seller acted with an improper purpose in order to retrieve a property it was not entitled to retrieve. Even if Seller's actions were not legally correct, they were not done in bad faith but rather under contractual obligation.

Case: 12-30794   Doc# 21   Filed: 05/07/12   Entered: 05/08/12 14:05:47   Page 5 of 6

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny the Joint Debtor's motion to impose sanctions and that the Court grant such other relief as the Court deems just and reasonable.

Dated: May 7, 2012

Respectfully submitted,

RICHMOND AUTO SALES

By: _____
FAROOQ QASSIM MAYET