FAROOQ QASSIM MAYET
RICHMOND AUTO SALES
436 23rd Street
Richmond, CA 94804
Tel (510) 965-9577
Fax (510) 965-9559

IN PRO PER

AM FILED
MAY - 7 2012
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PEDRO ALEXANDER HERNANDEZ-PANAMENO<br><br>OLIVIA HERNANDEZ-PANAMENO<br><br>Debtors. | Bk. No.: 12-30794<br><br>CHAPTER 13<br><br>DECLARATION OF FAROOQ QASSIM MAYET IN SUPPORT OF OPPOSITION TO MOTION TO IMPOSE SANCTIONS ON RICHMOND AUTO SALES FOR VIOLATION OF THE AUTOMATIC STAY (VEHICLE REPOSSESSION)<br><br>Judge: Hon. Thomas E. Carlson<br>Date: May 21, 2012<br>Time: 9:30 a.m.<br>Place: 235 Pine Street<br>Courtroom 23<br>San Francisco, CA 94104 |

I, Farooq Qassim Mayet, submit the following declaration in support of opposition to debtor's motion to impose sanctions:

1. I am the principal owner of Richmond Auto Sales.

2. On February 8, 2012, Olivia Hernandez, the Joint Debtor in this bankruptcy, came to my dealership and purchased a 2006 Scion XB ("Vehicle") for $12,999.00 with a down payment of $3,000.00.

3. We initiated the necessary paperwork, including the Retail Installment Sale Contract ("Contract"), to apply for financing for the Vehicle. The financing term as stated in the

Contract was $386.67 per month for 48 months at an APR of 24.990%. A copy of the Contract is attached herein as Exhibit 1.

4. Ms. Hernandez paid to Richmond Auto Sales $3,000.00 as down payment and took possession of the vehicle. (Debtors' Exhibit A) At this time, pursuant to the company and industry policy, we explained to Ms. Hernandez that the possession of the vehicle is conditional upon a third party financial institution approving her credit application and securing an extension of credit for the Vehicle purchase. No other payment was made by Ms. Hernandez at the time of the purchase or subsequently.

5. Ms. Hernandez's credit application was denied by various financial institutions and we were unable to secure a credit for her purchase of the Vehicle due to Ms. Hernandez's credit history.

6. We tried to reach Ms. Hernandez by phone calls for additional paperwork which we thought would help her to get the Vehicle financed. She was not reachable on the phone number provided to us, as the phone was either turned off or she did not answer. The inability to reach the customer for additional paperwork resulted in inability to obtaining a car loan from a financial institution.

7. I successfully contacted Ms. Hernandez on March 15, 2012 and was told that she filed a bankruptcy and that Richmond Auto Sales was not included in the bankruptcy she filed. I asked her to fax me the bankruptcy notice immediately. She claims on her declaration that she faxed the bankruptcy notification on March 15, 2012, after speaking with me on the phone. This fax was never received at our office.

8. Ms. Hernandez alleges that on March 30, 2012, she faxed the bankruptcy notice three times to a different fax number and claims that I provided to her that number as a fax number. I did not speak with her at any time after the one time phone conversation on March 15, 2012. The number (510) 965-9599 is the main number for the business. This phone number is pre-printed on all business documents including our business card, attached as Exhibit 2 to this declaration. A fax machine was never hooked up to that line.

9. Ms. Hernandez never made any monthly installment payment. There was no advance payment made on February 8, 2012, the day of the purchase of the Vehicle.

10. On March 30, 2012, as there was no lender to approve Ms. Hernandez's auto loan and no monthly payment made on the Vehicle, I assigned a third party towing agent to repossess the Vehicle. When the towing agent arrived at Ms. Hernandez' work, he was told that Ms. Hernandez filed a bankruptcy and refused to repossess the Vehicle.

11. Debtors' Motion mistakenly indicates that this incident occurred on March 15, 2012. I received that phone call from the towing agent while I was working as a volunteer at Contra Costa Islamic Center in Richmond. It was clearly Friday, March 30, 2012, as I always work at the Center on Fridays from 10:30 a.m. to 3 p.m.

12. On April 7, 2012, I asked an independent repossession agency to repossess the Vehicle and the Vehicle was back at my dealership on April 7, 2012.

13. Without having sought for legal advice, I erroneously believed that since the credit was never approved for this Vehicle, the term "creditor" would not apply to me, even if she did file for a bankruptcy, and I was entitled to repossession of the Vehicle.

14. On April 9, 2012, I received a threatening phone call from Mr. Eric J. Gravel, Ms. Hernandez's attorney, claiming that we had committed a crime by repossessing the vehicle and we must return it immediately or face them in Court. At this point Mr. Gravel told me that Ms. Hernandez had filed for Chapter 13 Bankruptcy. This was the first time I spoke with Mr. Gravel.

15. The next day, on April 10, 2012, I received a letter from Mr. Gravel stating that they had been faxing us the notice of bankruptcy since mid-March. (Debtors Exhibit I). This is not true. We have never received any of the faxes on March 15 or March 30, 2012.

16. Mr. Gravel also stated on the letter that we had violated an automatic stay since the Vehicle was included in the bankruptcy and that Ms. Hernandez already made her first payment of $390.00 for March. No such payment was ever made.

17. On April 11, 2012, we responded to Mr. Gravel with a letter (Debtors Exhibit K) clarifying that we had never received any proper notification of the filing of Ms. Hernandez' bankruptcy.

Case: 12-30794 Doc# 22 Filed: 05/07/12 Entered: 05/08/12 14:11:18 Page 3 of 18

18. On April 11, 2012, I sent a letter and a check for $2,400.00 to Ms. Hernandez as a refund of the down payment which she made on the Vehicle, after deducting $600 for the cost incurred for the repossession of the Vehicle.

19. I have then sought and consulted different legal counsel who may represent us in this matter. The upfront retainer fees required by attorneys were simply an unaffordable amount for me as an owner of a small business, and for that reason I have chosen to represent myself in this matter.

20. On April 30, 2012, one of our staff returned the Vehicle to Ms. Hernandez at her place of employment. Upon returning of the Vehicle, we asked Mr. Gravel whether he would be willing to discuss a settlement and dismiss the motion for sanction to keep further fees and costs from incurring.

21. May 3, 2012, I sent a letter to Mr. Gravel requesting to settle this matter outside the court, attached as Exhibit 3 to this declaration. I have not had a response to that letter to this date.

22. I have learned through the consultations that I made the mistake of repossessing the Vehicle without a court order and will comply with law in the future.

I declare under penalty of perjury that the foregoing is true to the best of my personal knowledge and I can competently testify to these facts.

Executed on this 7th day of May, 2012, in Richmond, California.

FAROOQ QASSIM MAYET

1

# EXHIBIT 1

Dealer Number ______ Contract Nu ______ R.O.S. Number 424131 ______ Stock Number 10102

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| OLIVIA HERNANDEZ<br>905 ROLLINS RD. APT. 1<br>BURLINGAME CA 94010<br>SAN MATEO (650) 921-3482 | | RICHMOND AUTO SALES<br>436 23RD ST.<br>RICHMOND CA, 94804 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2006 | SCION XB | 93553 | JTLKT324764048621 | ☒ personal, family or household<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 3000.00 is |
|---|---|---|---|---|
| 24.990 % | $ 6896.31(e) | $ 11663.85 | $ 18560.16(e) | $ 21560.16(e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | |
| One Payment of | N/A | |
| Payments | | Monthly, Beginning |
| 47 Payments | 386.67 | Monthly, Beginning 03/09/12 |
| One Final Payment | 386.67 | 02/09/16 |
| | | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1. **Total Cash Price**
   - A. Cash Price of Motor Vehicle and Accessories $ 12999.00(A)
     1. Cash Price Vehicle $ 12999.00
     2. Cash Price Accessories $ N/A
     3. Other (Nontaxable)
        Describe ______ $ N/A
        Describe ______ $ N/A
   - B. Document Preparation Fee (not a governmental fee) $ 55.00(B)
   - C. Smog Fee Paid to Seller $ 50.00(C)
   - D. (Optional) Theft Deterrent Device (to whom paid) THEFT DETERRE $ N/A(D)
   - E. (Optional) Theft Deterrent Device (to whom paid) SURFACE PROTEC $ N/A(E)
   - F. (Optional) Theft Deterrent Device (to whom paid) ______ $ N/A(F)
   - G. (Optional) Surface Protection Product (to whom paid) ______ $ N/A(G)
   - H. (Optional) Surface Protection Product (to whom paid) ______ $ N/A(H)
   - I. Sales Tax (on taxable items in A through H) $ 1146.60(I)
   - J. Optional DMV Electronic Filing Fee $ N/A(J)
   - K. (Optional) Service Contract (to whom paid) ______ $ N/A(K)
   - L. (Optional) Service Contract (to whom paid) ______ $ N/A(L)
   - M. (Optional) Service Contract (to whom paid) ______ $ N/A(M)
   - N. (Optional) Service Contract (to whom paid) ______ $ N/A(N)
   - O. (Optional) Service Contract (to whom paid) ______ $ N/A(O)
   - P. Prior Credit or Lease Balance paid by Seller to NA ______ $ N/A(P)
     (see downpayment and trade-in calculation)
   - Q. (Optional) Gap Contract (to whom paid) ______ $ N/A(Q)

## STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | ___ Mos. | $ N/A |
| $ N/A Ded. Collision | | ___ Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | ___ Mos. | $ N/A |
| Property Damage | $ N/A Limits | ___ Mos. | $ N/A |
| Medical | NA | ___ Mos. | $ N/A |
| | NA | ___ Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X ______
Co-Buyer X ______
Seller X ______

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | NA Mos. | ___ | $ N/A |
| Credit Disability | NA Mos. | ___ | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A(b) |

Insurance Company Name NA

Home Office Address NA
NA

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages

Case: 12-30794 Doc# 22 Filed: 05/07/12 Entered: 05/08/12 14:11:18 Page 7 of 18

D. Other ______ $ N/A(D)

**Total Official Fees** (A through D) $ 405.00(2)

3. **Amount Paid to Insurance Companies**

(Total premiums from Statement of Insurance column a + b) $ N/A(3)

4. ☐ **Smog Certification or** ☐ **Exemption Fee Paid to State** $ 8.25(4)

5. **Subtotal** (1 through 4) $ 14663.85(5)

6. **Total Downpayment**

A. Agreed Trade-In Value Yr ______ Make ______ $ N/A(A)

Model ______ Odom ______

VIN ______

B. Less Prior Credit or Lease Balance $ N/A(B)

C. Net Trade-In (A less B) (indicate if a negative number) $ N/A(C)

D. Deferred Downpayment $ N/A(D)

E. Manufacturer's Rebate $ N/A(E)

F. Other ______ $ N/A(F)

G. Cash $ 3000.00(G)

**Total Downpayment** (C through G) $ 3000.00(6)

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1P above)

7. **Amount Financed** (5 less 6) $ 11663.85(7)

Date 02 2012 Buyer Signature X Age

Co-Buyer Signature Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1Q of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term NA Mos. NA

Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1K, 1L, 1M, 1N, and/or 1O.

1K Company ______

Term NA Mos. or NA Miles

1L Company ______

Term ______ Mos. or ______ Miles

1M Company ______

Term ______ Mos. or ______ Miles

1N Company ______

Term ______ Mos. or ______ Miles

1O Company ______

Term ______ Mos. or ______ Miles

Buyer X ______

**SELLER ASSISTED LOAN**

**BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.**

Proceeds of Loan From: NA

Amount $ NA Finance Charge $ NA

Total $ NA Payable in NA

installments of $ NA, $ NA

from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**

**If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:**

☐ **Name of autobroker receiving fee, if applicable:**

______

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X ______

Co-Buyer Signs X ______

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X ______ Buyer X ______ Co-Buyer

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before ______, Year ______. SELLER'S INITIALS ______

[illegible] ... PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR [illegible] ... INSURANCE AGENT.

[illegible] ... THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

[illegible] ... ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X ______ X ______

**Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund the difference to you. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund due from the Seller.

**Buyer Signature X** ______ **Co-Buyer Signature X** ______

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

**If you have a complaint concerning this sale, you should try to resolve it with the seller.**

**Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.**

**After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.**

**Buyer Signature X** ______ **Co-Buyer Signature X** ______

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE

7. Amount Financed (5 less 6)

| | |
|---|---|
| Term ______ Mos. or ______ Miles | |
| 1M Company ______ | |
| Term ______ Mos. or ______ Miles | |
| 1N Company ______ | |
| Term ______ Mos. or ______ Miles | |
| 1O Company ______ | |
| Term ______ Mos. or ______ Miles | |
| Buyer X ______ | |

**SELLER ASSISTED LOAN**

**BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.**

Proceeds of Loan From: NA

Amount $ NA Finance Charge $ NA

Total $ NA Payable in NA

installments of $ NA $ NA

from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**

**If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:**

☐ **Name of autobroker receiving fee, if applicable:** ______

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X ______

Co-Buyer Signs X ______

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X ______ Buyer    X ______ Co-Buyer

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before ______, Year ______. SELLER'S INITIALS ______

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X ______    X ______

**Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund the difference to you. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund due from the Seller.

Buyer Signature X ______    Co-Buyer Signature X ______

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

**If you have a complaint concerning this sale, you should try to resolve it with the seller.**

**Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.**

**After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.**

Buyer Signature X ______    Co-Buyer Signature X ______

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X ______ Date 2/08/12 Co-Buyer Signature X ______ Date ______

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X ______ Address ______

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X ______ Date ______    Guarantor X ______ Date ______

Address ______    Address ______

Seller Signs ______ Date 2/08/12 By X RAJ SINGH Title FINANCE

LAW FORM NO. 553-CA-ARB (REV. 1/10) U.S. PATENT NO. D480,782
©2010 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

| Nombre y dirección del comprador (incluya el condado y el código postal) | Nombre y dirección del comprador solidario (incluya el condado y el código postal) | Acreedor - Vendedor (Nombre y Dirección) |
|---|---|---|
| OLIVIA HERNANDEZ<br>905 ROLLINS RD. APT. 1<br>BURLINGAME CA 94010<br>SAN MATEO (650) 921-3432 | | RICHMOND AUTO SALES<br>436 23RD ST.<br>RICHMOND CA, 94804 |

Usted, el Comprador (y Comprador Conjunto, si existe), puede comprar el vehículo mencionado a continuación con dinero en efectivo o con crédito. Al firmar este contrato, usted elige comprar el vehículo a crédito según lo acordado en el anverso y el reverso de este contrato. Usted conviene en pagar al acreedor-vendedor (en ocasiones, "nosotros" en este contrato) el monto financiado y el cargo por financiamiento, en fondos estadounidenses, conforme al programa de pagos que se presenta más adelante. Calcularemos su cargo por financiamiento diario. Las Declaraciones sobre la Veracidad del Préstamo que aparecen más adelante son parte de este contrato.

| Nuevo Usado | Año | Marca y Modelo | Odómetro | Nº de Identificación del Vehículo | Uso Principal de la Compra |
|---|---|---|---|---|---|
| USED | 2006 | SCION XB | 93553 | JTLKT324764048621 | [X] personal, familia u hogar<br>☐ negocio o comercial |

## DECLARACIONES SOBRE LA VERACIDAD DEL PRÉSTAMO

| TASA PORCENTUAL ANUAL<br>El costo de su crédito a tasa anual. | RECARGO DE FINANCIAMIENTO<br>La cantidad en dólares que el crédito le costará. | Cantidad Financiada<br>La cantidad de crédito suministrado a usted o a su nombre. | Monto de Pagos<br>El monto que habrás pagado después de hacer todos los pagos según el plan. | Precio Total de Venta<br>El costo total de la compra bajo crédito, incluso su pago inicial |
|---|---|---|---|---|
| 24.990 % | $ 6896.30 (e) | $ 11663.85 | $ 18560.15 (e) | $ 3000.00 es<br>$ 21560.15 (e) |

(e) significa un cálculo

**LA ESTRUCTURA DE SUS PAGOS SERÁ:**

| Número de Pagos: | Cantidad de Pagos: | Vencimiento de Pagos: |
|---|---|---|
| Un Pago de | N/A | |
| Un Pago de | N/A | |
| Pagos | | Mensuales a partir el |
| 47 Pagos | 386.67 | Mensuales a partir el 03/09/12 |
| Un Pago Final | 386.67 | 02/09/16 |

**Cargo por Atraso.** Si el pago completo no se recibe dentro de 10 días después de su vencimiento, usted pagará un recargo por tardanza del 5% de la porción del pago atrasado.
**Pago Adelantado.** Si usted liquida toda su deuda prematuramente, posiblemente recibirá un recargo mínimo de financiamiento.
**Interés de Garantía.** Usted está dando un interés de garantía mediante el vehículo que se compra.
**Información Adicional:** Diríjase a este contrato para más información inclusive información acerca del no pagar, la mora, cualquier pago que se exige por completo antes de la fecha estructurada, recargos mínimos de financiamiento, y el interés de garantía.

**DETALLE DEL MONTO FINANCIADO (El vendedor podría retener una parte de la suma pagada a otros).**

1. **Precio Total en Efectivo**
   - A. Precio en Efectivo del Vehículo Motorizado y Complementos $ 12999.00 (B)
     - 1. Precio en Efectivo del Vehículo $ 12999.00
     - 2. Precio en Efectivo de Complementos $ N/A
     - 3. Otro (no gravable)
       - Describir ______ $ N/A
       - Describir ______ $ N/A
   - B. Cargo por Preparación de Documentos (no es un cargo gubernamental) $ 55.00 (B)
   - C. Cargo por Certificación de control de contaminación ambiental pagado al Vendedor $ 50.00 (C)
   - D. (Opcional) Dispositivo antirrobo (a quién le paga) THEFT DETERRE $ N/A (D)
   - E. (Opcional) Dispositivo antirrobo (a quién le paga) SURFACE PROTE $ N/A (E)
   - F. (Opcional) Dispositivo antirrobo (a quién le paga) ______ $ N/A (F)
   - G. (Opcional) Producto para protección de superficie (a quién le paga) ______ $ N/A (G)
   - H. (Opcional) Producto para protección de superficie (a quién le paga) ______ $ N/A (H)
   - I. Impuesto sobre las ventas (para artículos gravables desde la A hasta H) $ 1146.60 (I)
   - J. Cuota opcional de registro electrónico en el Departamento de Tránsito (DMV) $ N/A (J)
   - K. (Opcional) Contrato de servicio (a quién le paga) ______ $ N/A (K)
   - L. (Opcional) Contrato de servicio (a quién le paga) ______ $ N/A (L)
   - M. (Opcional) Contrato de servicio (a quién le paga) ______ $ N/A (M)
   - N. (Opcional) Contrato de servicio (a quién le paga) ______ $ N/A (N)
   - O. (Opcional) Contrato de servicio (a quién le paga) ______ $ N/A (O)
   - P. Crédito anterior o saldo de arrendamiento pagado por el vendedor a NA $ N/A (P)
     (véase cálculo del pago inicial y del valor del vehículo a cambio)
   - Q. (Opcional) Contrato de seguro complementario (a quién le paga) ______ $ N/A (Q)
   - R. (Opcional) Convenio de opción de cancelación de contrato del vehículo usado $ N/A (R)

## DECLARACION DE SEGURO

**AVISO:** Ninguna persona estará obligada a adquirir o negociar algún tipo de seguro emitido por una compañía aseguradora, agente o corredor en particular como una condición de financiamiento de la compra de un vehículo motorizado. No es necesario que adquiera algún otro seguro para obtener un crédito. Su decisión de adquirir o no adquirir otro seguro no influirá en el proceso de aprobación de un crédito.

**Seguro de Vehículo**

| | | Plazo | Prima |
|---|---|---|---|
| $ N/A Ded. Integ., Incendio y Robo | | ___ Mes. | $ N/A |
| $ N/A Ded. Choque | | ___ Mes. | $ N/A |
| Lesiones Físicas | $ N/A Límites | ___ Mes. | $ N/A |
| Daño a Propiedad | $ N/A Límites | ___ Mes. | $ N/A |
| Médico | NA | ___ Mes. | $ N/A |
| | NA | ___ Mes. | $ N/A |
| Monto de Primas de Seguro de Vehículo | | | $ N/A (a) |

A MENOS QUE ESTE ACUERDO INCLUYA UN CARGO PARA SEGURO DE RESPONSABILIDAD PÚBLICA O DAÑOS MATERIALES, ESTE ACUERDO NO CONTIENE EL PAGO POR DICHA COBERTURA.

El comprador puede adquirir un seguro por accidente según el presente contrato (ver al reverso) de cualquier compañía que escoja de conformidad con la vendedora. El comprador no estará obligado a adquirir algún otro seguro para obtener el crédito.

Comprador X [signature]

Co-Comprador X

Vendedor X [signature]

Si se marca algún seguro abajo, las pólizas o certificados de las nombradas empresas de seguro delinearán los plazos y condiciones.

**Solicitud para Seguro Opcional que Garantiza el Pago de Deuda**

☐ Vida: ☐ Comprador ☐ Co-Comprador ☐ Ambos

☐ Incapacidad (Solamente Comprador)

| | Plazo | Venc. | Prima |
|---|---|---|---|
| Vida | NA Mes. | ___ | $ N/A |
| Incapacidad | NA Mes. | ___ | $ N/A |
| Monto de Primas para Seguro de Crédito | | | $ N/A (b) |

Nombre de Empresa de Seguro NA

Dirección de Oficina Central NA
NA

Los seguros de vida e invalidez no constituyen una exigencia para el otorgamiento del crédito. Su decisión de adquirir o no un seguro de vida y un seguro de invalidez no influirá en el proceso de aprobación del crédito. No se otorgarán, salvo que usted acuerde mediante firma pagar el costo adicional involucrado. El seguro de vida queda sujeto a su calendario de pago original. En caso de mora, el seguro puede abstenerse de abonar el total del monto adeudado por el comprador según el presente contrato. El seguro de invalidez no cubre aumentos en los pagos ni en la cantidad de cuotas. La cobertura del seguro de vida y el de invalidez finalizan en la fecha de vencimiento original del último pago, a menos que el presente contrato establezca un plazo diferente.

Usted solicita el seguro para garantizar el pago de deuda marcado arriba. Su firma al pie significa que usted acuerda que: (1) Usted no está elegible para seguro si ha cumplido sus 65 años. (2) Usted sí es elegible para seguro de incapacidad solamente si trabaja por sueldo o ganancia 30 horas por semana o más durante la Fecha en Vigor. (3) Sólo el Comprador Principal

3. **Cantidad Pagada a Empresas de Seguro** (Monto de primas del Estado de Seguro columna a+b) $ N/A (5)

4. ☐ Certificación de emisión de gases o ☐ **Arancel de exención pagado al Estado** $ 8.25

5. **Monto parcial** (1 hasta 4) $ 14663.85

6. **Pago Inicial Total**

A. Valor acordado del automóvil entregado como pago parcial Año ______ Marca ______ $ N/A
Modelo ______ Odom ______
VIN ______

B. Menos Balance Previo de Crédito o Arrendamiento $ N/A

C. Entrega Neta (A menos B) (indique si es numero negativo) $ N/A

D. Pago Inicial Moroso $ N/A

E. Reembolso de Fabricante $ N/A

F. Otro ______ $ N/A

G. Efectivo $ 3000.00

**Pago Inicial Total** (C hasta G) $ 3000.00 (6)

(Si es negativo, apunte cero sobre línea 6 y apunte la cantidad menos que cero como numero positivo sobre línea 1P de arriba).

7. **Cantidad Financiada** (5 menos 6) $ 11663.85 (7)

Fecha ______ Firma de Co-Comprador ______ Edad ______

**TRATO OPCIONAL DE SALDO** No es necesario firmar un contrato de gap (gap - contrato de cancelación de deuda) para obtener un crédito y no le será provisto a menos que usted firme más abajo y esté de acuerdo en pagar un cargo extra. Si usted elige adquirir un contrato gap (protección garantizada del vehículo), el cargo aparece en la partida 1Q de la pormenorización del monto financiado. Consulte el contrato gap para conocer los detalles de sus términos y condiciones. Forma parte de este contrato.

Plazo NA Mes. NA
Nombre del Contrato de Saldo

Quiero adquirir un contrato gap.

Firma del comprador X ______

**CONTRATO(S) DE SERVICIO OPTATIVO** Usted quiere adquirir los contratos de servicio suscritos con las siguientes compañías, durante los plazos que se indican a continuación, correspondientes a los cargos mostrados en las partidas 1K, 1L, 1M, 1N o 1O.

1K Compañía ______
Plazo NA Meses o NA Millas
1L Compañía ______
Plazo ______ Meses o ______ Millas
1M Compañía ______
Plazo ______ Meses o ______ Millas
1N Compañía ______
Plazo ______ Meses o ______ Millas
1O Compañía ______
Plazo ______ Meses o ______ Millas
Comprador X ______

**PRÉSTAMO CON AYUDA DEL VENDEDOR**
**SE PUEDE EXIGIR QUE EL COMPRADOR EMPEÑE UNA GARANTÍA PARA EL PRÉSTAMO, Y ESTARÁ OBLIGADO A PAGAR A CUENTA TANTO ESTE CONTRATO DE VENTA A PLAZO MINORISTA COMO EL PRÉSTAMO.**

Recaudaciones de Préstamo de: NA
Cantidad $ NA Recargo por Financiamiento $ NA
Monto $ NA Pagadero en NA
Plazos de $ NA $ NA
de este Préstamo se demuestra en artículo 6D.

**MANIFESTACION DEL COBRO DE AGENTE**
**Si este contrato refleja la venta al por menor de un vehículo nuevo, la venta no está sujeta a un cobro que un agente de autos recibe de nosotros amenos que se marca la siguiente casilla:**

☐ **Nombre del agente de autos que recibe el cobro, si corresponde:**

______

**CÓMO SE PUEDE CAMBIAR ESTE CONTRATO.** Este contrato contiene el acuerdo completo entre usted y nosotros en relación con este contrato. Cualquier cambio al contrato se debe hacer por escrito y tanto usted como nosotros debemos firmarlo. Los cambios orales no son vinculantes.

Firma del comprador X ______
Firma del codeudor X ______

**AVISO DE LOS DERECHOS DE ANULACIÓN** Si el Comprador y Co-comprador firman aquí, se aplicarán las estipulaciones en la sección de los Derechos de Anulación al dorso que da el derecho al Vendedor de anular si el Vendedor no puede ceder este contrato con una institución financiera.

X ______ Comprador
X ______ Co-Comprador

**OPCION:** ☐ Usted no paga recargos de financiamiento si la Cantidad Financiada, artículo 7, se paga por completo sobre o antes del ______, Año ______. INICIALES DE VENDEDOR ______

**Acuerdo de liquidación de deuda:** El Vendedor se basó información proporcionada por usted o por el tenedor de gravamen o arrendador del vehículo entregado como pago parcial. para determinar la cantidad que liquida la deuda. indicada como "Balance Previo de Crédito o Arrendamiento" en la partida 6B del "Detalle del Monto Financiado". El Vendedor conviene en paga la cantidad que liquida la deuda. indicada en la partida 6B, al tenedor del gravamen o arrendador del vehículo entregado como pago parcial. o a la persona que designen. Si la cantidad real que liquida la deuda es mayor que la cantidad especificada en la partida 6B, usted deberá pagar el excedente al Vendedor en cuanto éste lo exija. Si la cantidad real que liquida la deuda es menor que la cantidad especificada en la partida 6B, el Vendedor de reembolsará la diferencia. Salvo por lo especificado en el "AVISO" en el reverso de este contrato. cualquier cesionario de este contrato no tendrá la obligación de pagar el Balance Previo de Crédito o Arrendamiento que se indica en la partida 6B ni tendrá derecho a recibir un reembolso del Vendedor.

Firma del Comprador X ______ Firma del Co-Comprador X ______

**Aviso al Comprador: (1) No firme este contrato antes de leerlo o si contiene espacios vacíos. (2) Usted tiene derecho a una copia de este acuerdo llena por completo. (3) Usted puede pagar con antelación la completa cantidad por pagar bajo este acuerdo a cualquier momento. (4) Si usted no cumple con el desempeño de sus obligaciones bajo este acuerdo, el vehículo podrá ser recuperado y usted podrá estar sujeto a una demanda y la responsabilidad por la deuda por pagar demostrado por este acuerdo.**

**Si usted tiene una queja con respecto a esta venta, usted lo debe resolver con el vendedor.**
**Las quejas relativas a prácticas o métodos injustos o engañosos de parte del vendedor se pueden remitir al fiscal municipal, fiscal del distrito, o a un investigador del Department of Motor Vehicles, o cualquier combinación de ellos.**
**Después de firmar este contrato, el vendedor no puede cambiar el financiamiento o los plazos de pago a menos que por escrito usted haya acordado a tal cambio. Usted no está obligado a estar de acuerdo a un cambio, y es una práctica injusta o engañosa que el vendedor haga un cambio unilateral.**

Firma del Comprador X ______ Firma del Co-Comprador X ______

***La Tasa porcentual anual es susceptible de ser negociada con el vendedor. El vendedor puede ceder el presente contrato y retener su derecho a recibir una parte del Costo de financiación.***

**NO HAY PERÍODO PARA RETRACTARSE, A MENOS QUE SE OBTENGA UNA OPCIÓN DE CANCELACIÓN DE CONTRATO.**
Las leyes de California no estipulan un período de "tregua" u otro período de cancelación para la venta de vehículos. Por consiguiente, usted no puede cancelar este contrato más tarde simplemente porque cambió de parecer, decide que el vehículo es muy costoso, o porque desea haber conseguido un vehículo diferente. Después de firmar abajo, usted puede cancelar este contrato solamente con el acuerdo del vendedor o por razones legales, tal como el fraude. Sin embargo, las leyes del estado de California exigen que el vendedor ofrezca una opción de cancelación de contrato de dos días de duración cuando se trate de vehículos usados de un valor inferior a US$40,000, lo cual está sujeto a ciertas condiciones estatutarias. Este requisito para la opción de anulación

**USTED ESTÁ DE ACUERDO CON LOS TÉRMINOS DEL PRESENTE CONTRATO. USTED CONFIRMA QUE, PREVIO A SUSCRIBIR EL PRESENTE CONTRATO, EL VENDEDOR LE HIZO ENTREGA DEL MISMO Y QUE USTED TUVO LA OCASIÓN DE LEERLO EN LIBERTAD. USTED CONFIRMA HABER RECIBIDO UNA COPIA YA**

3. **Cantidad Pagada a Empresas de Seguro**
(Monto de primas del Estado de Seguro columna a+b) $ N/A (5)

4. ☐ Certificación de emisión de gases o ☐ **Arancel de exención pagado al Estado** $ 8.25

5. **Monto parcial** (1 hasta 4) $ 14663.85

6. **Pago Inicial Total**

A. Valor acordado del automóvil entregado como pago parcial Año ____ Marca ____ $ N/A
Modelo ____ Odom ____
VIN ____

B. Menos Balance Previo de Crédito o Arrendamiento $ N/A (B)

C. Entrega Neta (A menos B) (indique si es numero negativo) $ N/A (C)

D. Pago Inicial Moroso $ N/A (D)

E. Reembolso de Fabricante $ N/A (E)

F. Otro ____ $ N/A (F)

G. Efectivo $ 3000.00 (G)

**Pago Inicial Total** (C hasta G) $ 3000.00 (6)

(Si es negativo, apunte cero sobre línea 6 y apunte la cantidad menos que cero como numero positivo sobre línea 1P de arriba).

7. **Cantidad Financiada** (5 menos 6) $ 11663.85 (7)

Fecha ____ Firma de Co-Comprador ____ Edad ____

**CONTRATO OPCIONAL DE SALDO** No es necesario firmar un contrato de saldo (*gap* - contrato de cancelación de deuda) para obtener un crédito y no le será provisto a menos que usted firme más abajo y esté de acuerdo en pagar un cargo extra. Si usted elige adquirir un contrato gap (protección garantizada del vehículo), el cargo aparece en la partida 1Q de la pormenorización del monto financiado. Consulte el contrato gap para conocer los detalles de sus términos y condiciones. Forma parte de este contrato.

Plazo NA Mes. NA
Nombre del Contrato de Saldo

Quiero adquirir un contrato gap.

Firma del comprador X ____

**CONTRATO(S) DE SERVICIO OPTATIVO** Usted quiere adquirir los contratos de servicio suscritos con las siguientes compañías, durante los plazos que se indican a continuación, correspondientes a los cargos mostrados en las partidas 1K, 1L, 1M, 1N o 1O.

1K Compañía ____
Plazo NA Meses o NA Millas

1L Compañía ____
Plazo ____ Meses o ____ Millas

1M Compañía ____
Plazo ____ Meses o ____ Millas

1N Compañía ____
Plazo ____ Meses o ____ Millas

1O Compañía ____
Plazo ____ Meses o ____ Millas

Comprador X ____

**PRÉSTAMO CON AYUDA DEL VENDEDOR**

**SE PUEDE EXIGIR QUE EL COMPRADOR EMPEÑE UNA GARANTÍA PARA EL PRÉSTAMO, Y ESTARÁ OBLIGADO A PAGAR A CUENTA TANTO ESTE CONTRATO DE VENTA A PLAZO MINORISTA COMO EL PRÉSTAMO.**

Recaudaciones de Préstamo de: NA
Cantidad $ NA Recargo por Financiamiento $ NA
Monto $ NA Pagadero en NA
Plazos de $ NA $ NA
de este Préstamo se demuestra en artículo 6D.

**MANIFESTACION DEL COBRO DE AGENTE**

**Si este contrato refleja la venta al por menor de un vehículo nuevo, la venta no está sujeta a un cobro que un agente de autos recibe de nosotros amenos que se marca la siguiente casilla:**

☐ **Nombre del agente de autos que recibe el cobro, si corresponde:**

____

**CÓMO SE PUEDE CAMBIAR ESTE CONTRATO.** Este contrato contiene el acuerdo completo entre usted y nosotros en relación con este contrato. Cualquier cambio al contrato se debe hacer por escrito y tanto usted como nosotros debemos firmarlo. Los cambios orales no son vinculantes.

Firma del comprador X ____
Firma del codeudor X ____

**AVISO DE LOS DERECHOS DE ANULACIÓN** Si el Comprador y Co-comprador firman aquí, se aplicarán las estipulaciones en la sección de los Derechos de Anulación al dorso que da el derecho al Vendedor de anular si el Vendedor no puede ceder este contrato con una institución financiera.

X ____ X ____
Comprador Co-Comprador

**OPCION:** ☐ Usted no paga recargos de financiamiento si la Cantidad Financiada, artículo 7, se paga por completo sobre o antes del ____ , Año ____ . INICIALES DE VENDEDOR ____

[illegible]

Acuerdo de liquidación de deuda: El Vendedor se basó información proporcionada por usted o por el tenedor de gravamen o arrendador del vehículo entregado como pago parcial. para determinar la cantidad que liquida la deuda. indicada como "Balance Previo de Crédito o Arrendamiento" en la partida 6B del "Detalle del Monto Financiado". El Vendedor conviene en paga la cantidad que liquida la deuda. indicada en la partida 6B, al tenedor del gravamen o arrendador del vehículo entregado como pago parcial. o a la persona que designen. Si la cantidad real que liquida la deuda es mayor que la cantidad especificada en la partida 6B, usted deberá pagar el excedente al Vendedor en cuanto éste lo exija. Si la cantidad real que liquida la deuda es menor que la cantidad especificada en la partida 6B, el Vendedor de reembolsará la diferencia. Salvo por lo especificado en el "AVISO" en el reverso de este contrato. cualquier cesionario de este contrato no tendrá la obligación de pagar el Balance Previo de Crédito o Arrendamiento que se indica en la partida 6B ni tendrá derecho a recibir un reembolso del Vendedor.

Firma del Comprador X ____ Firma del Co-Comprador X ____

**Aviso al Comprador: (1) No firme este contrato antes de leerlo o si contiene espacios vacíos. (2) Usted tiene derecho a una copia de este acuerdo llena por completo. (3) Usted puede pagar con antelación la completa cantidad por pagar bajo este acuerdo a cualquier momento. (4) Si usted no cumple con el desempeño de sus obligaciones bajo este acuerdo, el vehículo podrá ser recuperado y usted podrá estar sujeto a una demanda y la responsabilidad por la deuda por pagar demostrado por este acuerdo.**

**Si usted tiene una queja con respecto a esta venta, usted lo debe resolver con el vendedor.**
**Las quejas relativas a prácticas o métodos injustos o engañosos de parte del vendedor se pueden remitir al fiscal municipal, fiscal del distrito, o a un investigador del Department of Motor Vehicles, o cualquier combinación de ellos.**
**Después de firmar este contrato, el vendedor no puede cambiar el financiamiento o los plazos de pago a menos que por escrito usted haya acordado a tal cambio. Usted no está obligado a estar de acuerdo a un cambio, y es una práctica injusta o engañosa que el vendedor haga un cambio unilateral.**

Firma del Comprador X ____ Firma del Co-Comprador X ____

***La Tasa porcentual anual es susceptible de ser negociada con el vendedor. El vendedor puede ceder el presente contrato y retener su derecho a recibir una parte del Costo de financiación.***

**NO HAY PERÍODO PARA RETRACTARSE, A MENOS QUE SE OBTENGA UNA OPCIÓN DE CANCELACIÓN DE CONTRATO.**

Las leyes de California no estipulan un período de "tregua" u otro período de cancelación para la venta de vehículos. Por consiguiente, usted no puede cancelar este contrato más tarde simplemente porque cambió de parecer, decide que el vehículo es muy costoso, o porque desea haber conseguido un vehículo diferente. Después de firmar abajo, usted puede cancelar este contrato solamente con el acuerdo del vendedor o por razones legales, tal como el fraude. Sin embargo, las leyes del estado de California exigen que el vendedor ofrezca una opción de cancelación de contrato de dos días de duración cuando se trate de vehículos usados de un valor inferior a US$40,000, lo cual está sujeto a ciertas condiciones estatutarias. Este requisito para la opción de anulación

**USTED ESTÁ DE ACUERDO CON LOS TÉRMINOS DEL PRESENTE CONTRATO. USTED CONFIRMA QUE, PREVIO A SUSCRIBIR EL PRESENTE CONTRATO, EL VENDEDOR LE HIZO ENTREGA DEL MISMO Y QUE USTED TUVO LA OCASIÓN DE LEERLO EN LIBERTAD. USTED CONFIRMA HABER RECIBIDO UNA COPIA YA**

2

# EXHIBIT 2

RICHMOND AUTO SALES
For Quality Used Cars
Special Financing Available
436 23rd Street, Richmond, CA 94804
Phone: 510-965-9577
Fax: 510-965-9559
Email: richautosales99@gmail.com
www.richmondautosalesca.com

3

# EXHIBIT 3

Richmond Auto Sales
436 23rd St
Richmond Ca 94804
May 3, 2012

Eric J. Gravel
Attorney
Law Offices of Eric J. Gravel
San Mateo California

Dear: Eric Gravel

You and I have agreed that I would return your client Olivia Hernandez 2006 Scion XB

I'm trying to show a sign of good faith, Of course we can, try to work things out within one another to salve this issue that we are having. I'm trying to solve this issue out of court. So can you please talk this over with your client, I hope that we can all agree that this would be best for all parts involved.

I've come to expect, that this is the best way to put this all behind us and just continue to go forward. I well appreciate your attn regarding this matter.

Sincerely,

Farooq Mayet / Owner of Richmond Auto Sales