3

Eric J. Gravel - State Bar No. 256672
Law Offices of Eric J. Gravel
2285 South El Camino Real
San Mateo, CA 94403

Attorney for Pedro Alexander Hernandez-Panameno and Olivia Hernandez-Panameno

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>PEDRO ALEXANDER HERNANDEZ-PANAMENO<br><br>OLIVIA HERNANDEZ-PANAMENO<br><br>Debtors | Case No. 12-30794<br><br>CHAPTER 13<br><br>Judge: Hon. Thomas E. Carlson<br>Date: July 12, 2012<br>Time: 9:30 a.m.<br>Place: 235 Pine Street<br>Courtroom 23<br>San Francisco, CA 94104<br><br>**DECLARATION OF DEBTORS IN SUPPORT OF SANCTIONS AGAINST RICHMOND AUTO SALES FOR VIOLATION OF THE AUTOMATIC STAY** |

Pedro Alexander Hernandez-Panameno and Olivia Hernandez-Panameno declare as follows:

1. We are the Debtors in the above captioned matter. We have personal knowledge of the following facts which we believe to be true and accurate. If called as witnesses, we could and would so testify.

2. Our 2006 Toyota Scion XB automobile was repossessed by Richmond Auto Sales on April 7, 2012. A previous attempt had been made to repossess the vehicle on March 15, 2012.

3. Both the attempted repossession on March 15, 2012, and the actual repossession on April

//

7, 2012, were in willful violation of Bankruptcy Code 11 USC 362, as was determined by this Court at the hearing held on May 21, 2012.

4. We have suffered pecuniary and emotional damages as a result of the repossession.

5. As he has made clear to us, our attorney had to spend an inordinate amount of time to recover our vehicle. On June 13, 2012, he presented us with an invoice for services rendered reflecting a just and reasonable account of the time spent on the violation of the automatic stay. Even after Richmond Auto Sales learned of the law covering the automatic stay and the Chapter 13 repayment plan, they had no intention whatsoever of returning our vehicle and its contents to us. In fact, they even attempted on April 11, 2012, to return part of the money that we had put down on the purchase of the vehicle, minus a hefty cancellation fee, in a further violation of the automatic stay. There is no doubt that the vehicle was returned to us on April 30, 2012, only because of the filing of a Motion for Sanctions for Violation of the Automatic Stay on April 17, 2012.

6. As seen in Schedules I and J of our bankruptcy petition (Exhibit A and B), our family lives modestly on a minimal budget. Due to the economy, Debtor has not worked for an extended period of time. In addition to the vehicle that was repossessed by Richmond Auto Sales, our schedule B of assets also lists two old vehicles: (a) a 1993 Honda Accord with 160,000 miles that has unfortunately been unoperational since February 2012, and (b) a 1998 Chevy Silverado truck with 225,000 miles, weighing 7,512 pounds and used in the past as a Louisiana public works crew truck.

7. After the repossession of our vehicle, Joint Debtor had to use the Silverado truck as her sole means of transportation to work. Her estimate is that the cost of gas for the Silverado truck was twice that of the 2006 Toyota Scion XB automobile. As shown in our Schedule J of expenditures, we spent an average of $200 per month on transportation before the repossession, or approximately $400 after the repossession.

8. On April 9th, Debtor was finally offered temporary work as a landscaper by BAY AREA LANDSCAPE CONTRACTORS, in part because he owned a truck fit for the job. Because we only had one working vehicle and Joint Debtor's work was permanent and the main source of income for the family, we decided that she should use the truck to commute to work. As a result, Debtor had to decline the work offered to him by Bay Area Landscape Contractors, resulting in a loss of income estimated at $720 per week, or $7,920.00 for the duration of the contract.

9. We suffered emotional damage from the repossession. Although the vehicle was returned to us on April 30, 2012, we did not know for the three weeks prior to the return if we would get the vehicle back. We spent many sleepless nights worrying about it and our finances. Richmond Auto Sales forcefully attempted to repossess the vehicle first at Joint Debtor's place of work, causing pain and humiliation with co-workers, and then did repossess it at our residence, causing even more pain and humiliation with our neighbors and family.

10. The Bankruptcy Code in section 362(k) contains a specific cause of action against a creditor who causes injury to an individual by a willful violation of the section 362 stay. In such case, section 362(k) provides for actual damages, costs and attorney fees as well as, if appropriate, punitive damages.

Wherefore, we respectfully pray for an Order of this Court for costs and attorney fees as well as compensatory and punitive damages, against Richmond Auto Sales and Farooq Qassim Mayet.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 13, 2012

//

1  /s/ *Pedro Alexander Hernandez-Panameno*
   Pedro Alexander Hernandez-Panameno
2

3  /s/ *Olivia Alexander Hernandez-Panameno*
   Olivia Alexander Hernandez-Panameno
4

# EXHIBIT A

B6I (Official Form 6I) (12/07)

In re **Pedro Alexander Hernandez-Panameno**
**Olivia Hernandez-Panameno**
Debtor(s)

Case No. **12-30794**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** | AGE(S): **5** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | Case Manager |
| Name of Employer | **Unemployed** | Law Office of Eric J Gravel |
| How long employed | | 11 months |
| Address of Employer | | 2285 South El Camino Real 2nd Floor San Mateo, CA 94403 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 2,639.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 2,639.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 0.00 | $ 337.10 |
|    b. Insurance | $ 0.00 | $ 0.00 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 337.10 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 2,301.90 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 0.00 | $ 2,301.90 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 2,301.90 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

EXHIBIT B

B6J (Official Form 6J) (12/07)

In re **Pedro Alexander Hernandez-Panameno**
**Olivia Hernandez-Panameno**
Debtor(s)

Case No. **12-30794**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 600.00 |
|   a. Are real estate taxes included? Yes ___ No **X** | |
|   b. Is property insurance included? Yes ___ No **X** | |
| 2. Utilities: a. Electricity and heating fuel | $ 0.00 |
|              b. Water and sewer | $ 0.00 |
|              c. Telephone | $ 100.00 |
|              d. Other **Cable/Internet** | $ 100.00 |
| 3. Home maintenance (repairs and upkeep) | $ 50.00 |
| 4. Food | $ 600.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 80.00 |
| 7. Medical and dental expenses | $ 25.00 |
| 8. Transportation (not including car payments) | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|              a. Homeowner's or renter's | $ 0.00 |
|              b. Life | $ 0.00 |
|              c. Health | $ 0.00 |
|              d. Auto | $ 143.00 |
|              e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|              (Specify) | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|              a. Auto | $ 0.00 |
|              b. Other | $ 0.00 |
|              c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other | $ 0.00 |
|     Other | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ **2,048.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ **2,301.90** |
| b. Average monthly expenses from Line 18 above | $ **2,048.00** |
| c. Monthly net income (a. minus b.) | $ **253.90** |

EXHIBIT C

In re **Pedro Alexander Hernandez-Panameno,** Case No. **12-30794**
**Olivia Hernandez-Panameno**,
Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Bed (150.00); kids bed (50.00); cookware (50.00); utensils(50.00); tv (25.00) VCR/DVD (75.00); laptop Computer (200.00); other housesehold goods (100.00)** | **C** | **700.00** |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Clothing, shoes** | **C** | **150.00** |
| 7. | Furs and jewelry. | | **Jewelry** | **C** | **50.00** |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > **900.00**
(Total of this page)

**2** continuation sheets attached to the Schedule of Personal Property

In re **Pedro Alexander Hernandez-Panameno,
Olivia Hernandez-Panameno**,
Debtors

Case No. **12-30794**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

In re **Pedro Alexander Hernandez-Panameno,
Olivia Hernandez-Panameno**,
Debtors

Case No. **12-30794**

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1993 Honda Accord; Mileage 160,000 | C | 1,993.00 |
| | | 1998 Chevy Silverado XL 4D; 225,000 | C | 2,515.00 |
| | | 2006; Toyota Scion; mileage 94000 | C | 4,678.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| | Sub-Total > (Total of this page) | 9,186.00 |
| | Total > | 10,086.00 |

Sheet **2** of **2** continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)