```
1  FAROOQ QASSIM MAYET
   RICHMOND AUTO SALES                                    FILED
2  436 23rd Street
   Richmond, CA  94804                                    JUN 29 2012
3  Tel (510) 965-9577
   Fax (510) 965-9559                              UNITED STATES BANKRUPTCY COURT
4                                                       SAN FRANCISCO, CA
   IN PRO PER
5
6              UNITED STATES BANKRUPTCY COURT
7              NORTHERN DISTRICT OF CALIFORNIA
8
   In re:                          Bk. No.: 12-30794
9
   PEDRO ALEXANDER HERNANDEZ-      CHAPTER 13
10 PANAMENO
                                   OBJECTIONS TO DECLARATION OF
11 OLIVIA HERNANDEZ-PANAMENO       DEBTORS IN SUPPORT OF SANCTIONS
                                   AGAINST RICHMOND AUTO SALES FOR
12                                 VIOLATION OF THE AUTOMATIC STAY
        Debtors.
13                                 Judge:  Hon. Thomas E. Carlson
                                   Date:   July 12, 2012
14                                 Time:   9:30 a.m.
                                   Place:  235 Pine Street
15                                         Courtroom 23
                                           San Francisco, CA  94104
16
```

17    Richmond Auto Sales ("Richmond") hereby objects to the Declaration of Debtors In

18 Support of Sanctions Against Richmond Auto Sales For Violation of the Automatic Stay

19 ("Declaration") on the grounds set forth below:

20    The Declaration filed by Debtors on June 13, 2012, was never served on Richmond, as

21 stated in Declaration of Farooq Qassim Mayet In Support of Objections concurrently filed

22 herewith.

23    Debtors have requested this Court for an award of damages in the amount of $7,920 in

24 loss of income from a job which the Debtor never had. Specifically, this was a <u>possible</u>

25 <u>maximum</u> income had the Debtor accepted and performed the job for full 11 weeks. Debtor has

26 not worked for a long period of time. It would take an extra effort for someone unemployed to

27 land on a job in this economy. Debtor turned down the job opportunity before him without even

28

showing any effort to keep the job and perhaps with a plan to have Richmond compensate him in full.

Calculating loss of possible earning involves making intelligent predictions about the person's work ability at a job he did not perform. Of course, this is difficult to determine exactly. Here, there is no other proof of income to base the amount claimed than Patricia Correa's declaration. Debtor Pedro Alexander Hernandez has been unemployed for "an extended period of time" as Debtors allege on their Declaration. Exact duration of his unemployment is unknown.

To be entitled to an award of damages, a debtor must show an actual injury. *Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1988). Debtors cannot rely on "undue conjecture" or speculation, but instead must support its claim of actual injury with "adequate proof."

Debtor was offered a job after "extended period of time" of unemployment which Debtors assert had to turn down for the sole reason of having only one car between the Debtor and Joint Debtor. Ms. Correa's declaration states that when she was notified of Debtor's inability to take the job "due to complications with his transportation," Ms. Correa told Debtor that she would hold the position for Debtor for a few days for Debtor to "figure out his mode of transportation." Ms. Correa, as an owner of a business, expected that anyone looking for a job would find a way to get to work with necessary equipment. Incredibly, rather than figuring out another method of transportation for Joint Debtor, Debtor specifically elected not to go to work and notified Ms. Correa three days later of his decision. Any person in his situation with willingness to work and who is concerned about his finances would have accepted the job and found another means of transportation for his spouse. Joint Debtor's lack of a car was a convenient excuse for Debtor to not go to work.

Joint Debtor claims that she had to use Debtor's truck as it was "her sole means of transportation to work." That is absurd. The distance between Joint Debtor's home in Burlingame and her work in San Mateo is approximately 6.37 miles. She could have used public transportation. She could have had her husband drop her off at work or at a nearest bus stop. For the Debtor's alleged potential income of $720 per week, Joint Debtor could have rented a small

vehicle to commute to work instead of using Debtor's truck. Rental rate in Burlingame area for an Economy Car is as low as $96 per week, less than $14 per day. Attached as Exhibit A is a copy of rental rate found on Internet search on June 27, 2012.

It was Debtors' lack of independent judgment and willingness to take the time to evaluate the possible course of action involving the situation which caused Debtor's loss of potential earnings. He now wants to collect from Richmond what he did not earn by not working for 11 weeks.

The Court having determined that Richmond was in willful violation of Bankruptcy Code 11 U.S.C. § 362, Richmond is willing to pay for an actual damage which allegedly was caused by the lack of a car for three weeks, in specific, the extra $200 in gasoline cost which Debtors state in their Declaration.

Debtors also request an award of damages for emotional suffering. This is frivolous.

To be entitled to damages for emotional distress under 11 U.S.C. § 362(h), an individual must suffer significant harm, clearly establish the significant harm, and demonstrate a causal connection between that significant harm and the violation of the automatic stay. Debtors have failed to establish emotional distress damages in any way other than the anxiety and pressures inherent in their bankruptcy caused by their financial situation--what they have been already suffering from .

§ 362(h) further states that "fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm." It is clear that Debtors did not suffer any significant emotional harm. There is no medical or other hard evidence to show anything more than a fleeting injury.

Richmond respectfully requests that the request for award of damages for loss of earnings and emotional suffering be denied in its entirety.

Dated: June 29, 2012

Respectfully submitted,

RICHMOND AUTO SALES

By: _____
FAROOQ QASSIM MAYET

# EXHIBIT A

No need to pay now... n Expedia, book your car today & pay la... See details »

Thu Jun-28-2012 to Thu Jul-5-2012

 **1008-B Carolan Ave, Burlingame, California**

0.2 mi (0.4 km) from 905 Rollins Rd, Burlingame, CA 94010, USA

Show car descriptions

 Show car image, make/model, and capacity for each car.
*Luxury Car shown*

| Car class | Vendor | Mileage | Weekly rate | Total price* | |
|---|---|---|---|---|---|
| Economy Car | Enterprise | Unlimited | $167.86 | $183.39 | Select |
| Compact Car | Enterprise | Unlimited | $168.81 | $184.42 | Select |
| Midsize Car | Enterprise | Unlimited | $193.28 | $211.16 | Select |
| Standard Car | Enterprise | Unlimited | $218.69 | $238.92 | Select |
| Full Size Car | Enterprise | Unlimited | $218.70 | $238.93 | Select |
| Standard Pickup | Enterprise | Unlimited | $274.95 | $300.38 | Select |
| Premium Pickup | Enterprise | Unlimited | $329.95 | $360.47 | Select |
| Premium Special | Enterprise | Limited | $366.95 | $400.89 | Select |
| Midsize SUV | Enterprise | Unlimited | $396.95 | $433.67 | Select |
| Standard SUV | Enterprise | Unlimited | $454.23 | $496.25 | Select |
| Premium Car | Enterprise | Unlimited | $469.69 | $513.14 | Select |
| Mini Van | Enterprise | Unlimited | $544.49 | $594.86 | Select |
| Full Size SUV | Enterprise | Unlimited | $596.95 | $652.17 | Select |
| Luxury Car | Enterprise | Unlimited | $720.00 | $786.60 | Select |

 **1288 Old Bayshore Highway, Burlingame, California**

0.6 mi (1.0 km) from 905 Rollins Rd, Burlingame, CA 94010, USA

Show car descriptions



 Show car image, make/model, and capacity for each car.
*Mini Van shown*

| Car class | Vendor | Mileage | Weekly rate | Total price* | |
|---|---|---|---|---|---|
| Economy Car | Advantage | Unlimited | $96.45 | $140.37 | Select |
| Compact Car | Advantage | Unlimited | $97.45 | $142.35 | Select |
| Midsize Car | Advantage | Unlimited | $118.44 | $169.12 | Select |
| Standard Car | Advantage | Unlimited | $119.25 | $173.40 | Select |
| Full Size Car | Advantage | Unlimited | $119.25 | $171.55 | Select |
| Standard Convertible | Advantage | Unlimited | $363.74 | $461.19 | Select |
| Standard SUV | Advantage | Unlimited | $597.03 | $758.89 | Select |
| Premium Car | Advantage | Unlimited | $630.98 | $758.92 | Select |