```
FAROOQ QASSIM MAYET
RICHMOND
436 23rd Street
Richmond, CA  94804
Tel (510) 965-9577
Fax (510) 965-9559

IN PRO PER
```



FILED
JUN 29 2012
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Bk. No.: 12-30794 |
|---|---|
| PEDRO ALEXANDER HERNANDEZ-PANAMENO | CHAPTER 13 |
| OLIVIA HERNANDEZ-PANAMENO | OBJECTIONS TO DECLARATION OF DEBTORS' ATTORNEY IN SUPPORT OF APPROVAL OF ATTORNEY FEES |
| Debtors. | Judge: Hon. Thomas E. Carlson<br>Date: July 12, 2012<br>Time: 9:30 a.m.<br>Place: 235 Pine Street<br>Courtroom 23<br>San Francisco, CA  94104 |

Richmond Auto Sales ("Richmond") hereby objects to the Declaration of Debtors' Attorney In Support of Approval of Attorney Fees on the grounds set forth below:

The Declaration of Debtors' Attorney In Support of Approval of Attorney Fees filed by Debtors with this Court on June 13, 2012, was never served on Richmond, as stated in Declaration of Farooq Qassim Mayet In Support of Objections concurrently filed herewith.

Debtors have now filed a fee request claiming to have incurred approximately $4,888.50 in attorney's fees in bringing this Motion to Impose Sanction ("Motion) in this matter. Debtors' request of $4,888.50 in attorney's fees should be denied. Instead, Debtors' attorney should be awarded no more than $2420 -- an amount which represents reasonable market rate compensation for the work performed in this motion.

First, Debtors' fee request includes a significant and unreasonable amount of time Debtors' attorney expended in this Motion.

I.  **The Hours Claimed By Debtors' Attorneys Were Not Reasonably Expended In This Motion.**

Debtors' attorney's fee of $4,882.50 is too high in that the number of hours expended is not justified under the circumstances.

Debtors' counsel states in Paragraph 1 of his declaration in support of his fee request that 14.75 hours of his time and 3.05 hours of his paralegal's time were spent in this Motion. That total is $4,882.50. His invoice attached as Exhibit A to his declaration, however, states a total of $5,032.50  The correct total, as stated above, is $4,882.50.

With all due respect to Debtors' attorney, his work concerning the Motion and declarations in support of fee request has been very shallow in that he relied upon falsified facts without reasonably checking the validity of the alleged facts and events which occurred. It is clear to see that he did not pay close attention to the facts and details of the case.

Debtors' counsel expended 2.25 hours in researching the law and another 5.8 hours in drafting and writing the Motion to Impose Sanctions for Violation of the Automatic Stay filed with this Court on April 17, 2012. There are various false statements made in this Motion which the Debtors' counsel did not bother to check. The following are few examples:

Debtors' Motion repeatedly states that Joint Debtor made first month's payment of $390 in addition to the $3,000 down payment at the time of the purchase of the vehicle on February 8, 2012. (See ¶ 1 of Debtors' Motion to Impose Sanctions, and ¶ 2 of Debtors' Declaration In Support of Motion to Impose Sanctions.) Although no such payment was ever made and there is no evidence presented with this Motion to prove that such payment was made in advance or later, Debtors' counsel, without checking the validity of this allegation made by Joint Debtor, simply stated as a fact on the Motion.

Debtors' presented a copy of Facebook communication, in Spanish as Exhibit G to Debtors' Motion. Paragraph 6 of the Motion states as follows:

> On March 26, 2012, Joint Debtor received a notification via Facebook.com from Jose Montanez, sales representative at

Richmond Auto Sales, requesting Joint Debtor to contact Richmond Autos Sales' owner, Qassim. Montanez wrote that Qassim said that he had not received the facsimile of March 15, 2012. (Exhibit G of Facebook conversations).

Contrary to the statement made in Paragraph 6, nowhere in that communication is any reference to non-receipt of facsimile. Rather, it is the Joint Debtor apologizing for not being able to return communications to Richmond, while her family was sick and she was busy with clients. Richmond has no knowledge of whether Debtors' attorney understands Spanish but it is clear that he did not confirm the content of the communication.

The Motion also states that the first attempt to tow the vehicle occurred on March 15, 2012. However, this event clearly occurred on Friday, March 30, 2012, when Farooq Quassim Mayet was involved in a volunteer work at Contra Costa Islamic Center in Richmond, as stated in ¶ 11, Mayet Declaration, Docket 22.

Exhibit F to Debtors' Motion is presented to support Debtors' claim that bankruptcy notice was faxed to Richmond. This document is <u>not</u> a fax confirmation but a mere fax log of various facsimile transmissions from "The Law Offices of Eric Gravel." The fax log lists 28 different fax transmissions to various destinations. It does not indicate whether the fax transmission to Richmond was successfully made. It simply states "sent." Fax transmission confirmation sheets are important proof of delivery of documents in law offices such as that of Joint Debtor and Debtors' counsel. This is not a document typically presented or accepted as a proof of delivery in various business, much less in legal practice.

Debtors' counsel therefore prepared the Motion relying upon various false statements made by Debtors without taking the time to confirm the validity of the facts and without thoroughly checking the supporting documents before presenting them as proof in support of the Motion. His time in preparing for the Motion should be reduced.

Debtors' counsel expended another 5 hours preparing declarations in support of current fee request filed with this Court on June 13, 2012. This is an inordinate amount of time for an attorney who charges $300 an hour.

Upon return of the property and thereafter, Richmond offered to settle and Debtors' counsel refused without expressing any interest in the settlement terms. Debtors' counsel flat out refused to settle this Motion when approached by Richmond at the time the vehicle was returned to Joint Debtor at her office, and once again three days later when requested by a faxed letter. He did not care to even discuss a settlement or hear what Richmond had to offer as a settlement. This resulted in additional time expended in travelling to Court and what appears to have been burdensome and time-consuming work for Debtors' counsel in preparing the declarations in support of Debtors' fee request. Despite offer for a settlement, the refusal reveal additional, disruptive and—most importantly—unnecessary declarations by Debtors. A settlement discussion would have not taken more than one hour of his time. Debtors' attorney's fee should be reduced for a second and more compelling reason.

## II. Debtors' Attorney's Claimed Hourly Rates Are Excessive.

Debtors' attorney's lodestar of $4,882.50 is too high with regard to Debtors' attorney's hourly fees. Under the so-called "lodestar" approach, the Court must set fees based upon the number of hours "reasonably expended on the litigation multiplied by a reasonable hourly rate." Here, Debtors' attorney demands that Richmond pay for his work at his hourly rate of $300, but fails to establish that these are the hourly rates which he actually charges to, and are paid by, his paying clients.

It could be concluded that the counsel relied on Richmond paying the fees rather than his clients, whom he filed for free their Chapter 13 petition, since Joint Debtor is his own employee. He may never actually bill the Debtors but simply plan on recovering his fees from Richmond. If he were to charge Debtors $300 per hour, it would be nearly impossible for Debtors to pay those hourly fees, while Debtors are living "modestly on a minimal budget" with a total family income of approximately $2,301, as alleged by Debtors in their Declaration. It is implausible that the Debtors would have agreed to pay this hourly rate. Debtors' counsel also must be familiar with the Debtors' financial situation.

Similar to his free service in filing the Chapter 13 petition for Debtors, if Eric Gravel never intended to bill the Debtors, he would have the luxury of arbitrarily increasing his hourly

rates without having to answer to anyone. Hence, Mr. Gravel has an obvious interest in having courts fee award, large, above market fees in this motion. Rather than considering the hourly rates arbitrarily sought for the attorneys, the Court should consider what San Francisco Bay attorneys are actually charging their paying clients.

Richmond searched and inquired from various attorneys in San Francisco and surrounding cities who had the experience and was charging $300 per hour. There were other attorneys in East Bay who offered to represent Richmond on a flat fee basis. Richmond decided that it could not afford to and did not retain any attorneys to respond to this Motion.

Eric Gravel became a licensed attorney in California in 2008. $300 an hour is an average fee charged by San Francisco bankruptcy attorneys with over 10 or 15 years of bankruptcy practice. The unreasonableness of Eric Gravel's hourly rates is compounded by the fact that he is a solo practitioner at a small law office located in San Mateo, a smaller town south of San Francisco and do not incur the same overhead expenses and costs which induce the high hourly rates billed by large law firms in the San Francisco Bay Area. His rate should be no more than $250 per hour.

In awarding attorneys' fees, the Court must begin with the "lodestar" computation of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (*Hensley v. Eckerhart* (1983) 461 U.S. 424, 433) As will be shown below, the $4882.50 lodestar claimed by Debtors is too high and must be reduced.

The hourly rates upon which a fee award is based must be reasonable; this is accomplished by following a "market value" approach. The true measure of a market rate is what paying clients are willing to pay as an hourly rate, not what Debtors' lawyers might be able to recover on a contingency basis. (See *Blum v. Stenson* (1984) 465 U.S. 886, 895 (reasonable attorneys' fees are "to be calculated according to the prevailing market rates in the relevant community," with an emphasis on the fees charged by "lawyers of reasonably comparable skill, experience, and reputation").) The reason for using a market value approach is to prevent prevailing attorneys from claiming excessive rates where their fees are being paid by someone other than their client.

Considering all of these factors, and applying reasonable market rates for similar legal work within the Bay Area community, Debtors' attorney's fee should be reduced by approximately 50%, to an amount not greater than $ 2,420.00, as proposed by Richmond on Exhibit A to this Objection.

Finally, Richmond requests that the uncashed check for $2,400.00 held by Debtors' attorney be used to pay Debtors' attorney's fees, as previously offered by the Debtors at the hearing on May 21, 2012. There is no reason to penalize Richmond further by making it pay the entire attorneys' fee award,

For all of these reasons, Richmond respectfully requests that Debtors be awarded no more than $2,420.00 in attorneys' fees.

Dated: June 29, 2012

                                      Respectfully submitted,

                                      RICHMOND AUTO SALES

                                      By: _____
                                           FAROOQ QASSIM MAYET

# EXHIBIT A

Law Offices of Eric J Gravel
2285 South El Camino Real
San Mateo, CA 94403

Invoice submitted to:
Pedro and Olivia Hernandez-
Panameno 905 Rollins Rd. Apt #1
Burlingame, CA 94010

June 13, 2012

| Date | Professional Services | Hrs/Rate | Amount | PROPOSED HRS | PROPOSED AMOUNT |
|---|---|---|---|---|---|
| 03/15/2012 | Defense of attempted repossession | 0.50 300.00/hr | 150.00 | .50 250.00/hr | 125.00 |
| 04/9/2012 | Research law re: motion for violation of automatic stay. Rulings research | 2.25 150.00/hr | 337.50 | 2.25 150.00/hr | 337.50 |
| | Meeting with Debtors re: facts and events leading to repossession of vehicle. | .80 150.00/hr | 120.00 | .80 150.00/hr | 120.00 |
| | Meeting with Debtors re: Emotional and financial impact of violation | 0.50 300.00/hr | 150.00 | 0.50 250.00/hr | 125.00 |
| | Telcon with Farooq Qassim Mayet | 0.10 300.00/hr | 30.00 | 0.10 250.00/hr | 25.00 |
| 4/10/2012 | Letter to Richmond Auto Sales/ Farooq Qassim Mayet | 0.80 300.00/hr | 240.00 | 0.80 250.00/hr | 200.00 |
| | Drafting of the Motion to Impose Sanctions for Violation of the Automatic Stay. Case law. 11 USC 362. | 4.50 300.00/hr | 1350.00 | 2.00 250.00/hr | 500.00 |
| 4/11/2012 | Review of Motion to Impose Sanctions for Violation of theAutomatic Stay | 0.40 300.00/hr | 120.00 | 00 | 00 |
| 4/12/2012 | Review of letter from Richmond Auto Sales. | 0.30 300.00/hr | 90.00 | 0.30 250.00/hr | 75.00 |
| 4/16/2012 | Review of Motion to Impose Sanctions for Violation of the Automatic Stay | 0.40 300.00/hr | 120.00 | 0.40 250.00/hr | 100.00 |
| 4/17/2012 | Final revision of motion Ready to file. | 0.50 300.00/hr | 150.00 | 0.50 250.00/hr | 125.00 |

| Date | Description | Hours/Rate | Amount | Hours/Rate | Amount |
|---|---|---|---|---|---|
| 5/10/2012 | Review with Debtors, Richmond Auto Sales' reply to the Motion to Impose Sanctions for Violation of the Automatic Stay | 0.50<br>300.00/hr | 150.00 | 0.50<br>**250.00/hr** | **125.00** |
| 5/21/2012 | Hearing on Motion, travel | 1.25<br>300.00/hr | 525.00 | 1.25<br>**250.00/hr** | **312.50** |
| 6/08/2012 | Preparation Declarations of Debtors and Correa re: Damages from repossession. Review | 3.00<br>300.00/hr | 900.00 | 0<br>**250.00/hr** | **0** |
| 6/12/2012 | Preparation Declarations re: Damages Review | 1.50<br>300.00/hr | 450.00 | 0<br>**250.00/hr** | **0** |
| 6/13/2012 | Damages from repossession. Final Review Ready to file | 0.50<br>300.00/hr | 150.00 | 0<br>**250.00/hr** | **0** |
| | **Proposed Settlement Discussions** | | | 1.00<br>**250.00/hr** | **250.00** |
| | For professional services rendered | 17.80 | $5,032.50 | **10.90** | **$2,420.00** |
| | Balance | | $5,032.50 | | **$2,420.00** |