

**Signed and Filed: October 10, 2012**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 12-30794 TEC |
| | ) |
| PEDRO ALEXANDER HERNANDEZ-<br>PANAMENO and OLIVIA HERNANDEZ-<br>PANAMENO, | ) Chapter 13 |
| | ) |
| | ) Date: October 26, 2012 |
| | ) Time: 9:30 a.m. |
| | ) Ctrm: Hon. Thomas E. Carlson |
| | )      235 Pine Street, 23rd Fl. |
| Debtors. | )      San Francisco, California |
| | ) |

**MEMORANDUM DECISION RE DAMAGES FOR VIOLATION OF AUTOMATIC STAY**

On September 11, 2012, this court held a hearing to establish the amount of damages to be awarded for a violation of the automatic stay.  Eric J. Gravel appeared for Movants/Debtors. Farooq Qassim Mayet appeared as the principal of Creditor Richmond Auto Sales.  Upon due consideration, the court finds that damages should be assessed in the amount of $18,032.

**FACTS**

Debtors purchased a car from Creditor on February 8, 2012. The contract permitted Creditor to rescind the contract if it was unable to find a lender willing to provide financing to Debtors.

On March 15, 2012, Mayet, Creditor's principal, called Olivia Hernandez-Panameno (Olivia) to tell her that Debtors had not

MEMORANDUM DECISION RE DAMAGES
FOR VIOLATION OF AUTOMATIC STAY

-1-

qualified for financing.  Olivia told Mayet that she and her

husband had filed a chapter 13 bankruptcy petition on March 13,

2012.

On March 15, 2012, Creditor sent a towing company to recover

the car from Debtors at Olivia's place of employment.  Olivia

mentioned her bankruptcy case to the towing company employee, who

then called Creditor to advise him of that fact.  The car was not

repossessed at that time.

On April 7, 2012, Creditor caused the car to be repossessed

from Debtors' residence.  Three days later, Mayet received a call

from Debtors' attorney, again advising him of the bankruptcy

filing.  The following day, Creditor received a letter from

Debtors' attorney providing written notice of the bankruptcy and

demanding return of the car.

The car was not returned to Debtors until April 30, 2012.[1]

On April 17, 2012, Debtors filed a motion for sanctions for

violation of the automatic stay.  The court held a hearing on

May 21, 2012, at which it found that Creditor had willfully

violated the stay, and set a further hearing regarding damages.

On June 13, 2012, Debtors filed declarations supporting their

claim for damages.  Mayet submitted declarations on June 29, 2012

opposing the imposition of sanctions.  The matter was submitted on

declarations because neither party filed notice of intent to cross-

_____

[1] The facts set forth in these first five paragraphs of this
section re "FACTS" were admitted by Creditor in his Opposition to
Motion to Impose Sanctions, filed May 7, 2012.  It is also worthy
of note that Debtors listed Creditor Richmond Auto Sales in their
bankruptcy schedules, and that the court mailed notice of
commencement of the case to Creditor Richmond Auto Sales on
March 19, 2012.  Mayet contends that Creditor did not receive that
notice.

**MEMORANDUM DECISION RE DAMAGES**
**FOR VIOLATION OF AUTOMATIC STAY**

-2-

examine witnesses, as required under this court's May 31, 2012
order.

(1) <u>Attorneys fees</u>. Debtors' counsel seeks fees and costs
totaling $5,032 for preparing the motion for sanctions and
accompanying declarations, for attending the hearing on the motion,
and for preparing the declarations regarding damages for the
present hearing.

The court has reviewed the declaration of Debtors' counsel, is
familiar with the present dispute and the issues involved in that
dispute, and determines that the fees sought are reasonable and
necessary and should be awarded as sanctions for Creditor's
violation of the stay.

(2) <u>Loss of income</u>. Debtors contend they suffered lost
income in the amount of $7,920 as a result of Creditor's violation
of the stay. On April 9, 2012, Debtor Pedro Hernandez-Panameno
(Pedro) was offered a temporary job for eleven weeks, paying $18.00
per hour. Debtors contend that Pedro was unable to take the job
after Creditor repossessed the car on April 7, 2012.

The court declines to award the damages requested, because
Debtors did not show that they attempted to mitigate their damages
by arranging alternate means of transportation.

(3) <u>Auto registration problems</u>. Debtors contend that
Creditor delayed submitting confirmation of the purchase to the
Department of Motor Vehicles, that they did not receive
registration promptly, and that they were stopped and fined $314.00
for driving without proper registration.

The court declines to exercise jurisdiction over this claim,
because it was not raised in the original motion, because it does

**MEMORANDUM DECISION RE DAMAGES**
**FOR VIOLATION OF AUTOMATIC STAY**

-3-

not arise from the same facts that constitute the violation of the automatic stay, and because it is a question of state law that neither side has briefed whether a dealer's failure timely to provide information to the Department of Motor Vehicles gives rise to a right of indemnification for a fine incurred for driving a vehicle without registration.

(4) <u>Emotional distress</u>. Debtors state that they suffered embarrassment, humiliation, and sleepless nights as a result of Creditor's wrongful repossession of the car. This testimony is entirely persuasive. Despite their efforts and the efforts of their attorney to advise Creditor of the automatic stay, Debtors were reduced to powerlessness, frustration, and uncertainty by Creditor's failure to honor the stay. It is, of course, difficult to put a dollar figure on that frustration. The court awards the sum of $3,000 for emotional distress.

(5) <u>Punitive damages</u>. The present case involves an egregious violation of the automatic stay in the following respects. First, Creditor violated the stay on several occasions: by sending a repo man to attempt to take the car on March 15, 2012, by repossessing the car on April 7, 2012, and by refusing to return the car from April 7 to April 30, 2012. Second, all of these acts were committed well after Olivia advised Creditor on March 15, 2012 that she and her husband had filed a chapter 13 petition. This is not a case in which the violation took place before the creditor had a chance to confirm the bankruptcy filing. Third, the explanation offered by Creditor (that he thought he was not a "creditor" because he could rescind the sale) does not suggest a good-faith mistake. There is no evidence that he consulted a lawyer to

1  determine whether the stay applied, despite its having ample

2  opportunity to do so.

3      Upon consideration of all the facts and circumstances involved

4  in Creditor's violation of the stay, I find that violation to be

5  flagrantly willful and award punitive damages in the amount of

6  $10,000.

7  **CONCLUSION**

8      Debtors shall recover from Creditor the sum of $18,032,

9  consisting of attorneys fees in the amount of $5,032, emotional

10 distress damages in the amount of $3,000, and punitive damages in

11 the amount of $10,000.  The court determines that the most

12 equitable means of enforcing this award is to credit the balance

13 due on the car against the amount due from Creditor.  Each party

14 shall by October 22, 2012 file a calculation of the balance due on

15 the purchase price (without any reduction for any attorney fees,

16 for repossession costs, or for late charges imposed after March 30,

17 2012).  The court will hold a hearing on October 26, 2012 at

18 9:30 a.m., and will thereafter enter an order for Creditor to

19 deliver clean title to Debtors and pay the amount of the award less

20 the balance due on the car.  The parties are encouraged to attempt

21 to reach a stipulation regarding the net sum due to Debtors and the

22 form of order.

23                    **\*\*END OF MEMORANDUM DECISION\*\***

24

25

26

27

28

**MEMORANDUM DECISION RE DAMAGES**
**FOR VIOLATION OF AUTOMATIC STAY**

-5-

Case: 12-30794   Doc# 48   Filed: 10/10/12   Entered: 10/12/12 10:51:40   Page 5 of 5